**FILED**

FEB 1 8 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

1　Sharon Bridgewater
2　12070 W. Outer Drive
　　Detroit, MI
3　In Pro Se

4

5　　　　　**UNITED STATES DISTRICT COURT FOR**

6　　　　　**NORTHERN DISTRICT OF CALIFORNIA**

7

8

9

10　Sharon Bridgewater,　　　　　**CASE No. CV-** **C10-00703** JCS

11　　　　　Plaintiff,

　　　　　　　　　　　　　　　　**VERIFIED COMPLAINT FOR**
12　　　Vs.　　　　　　　　　**MONETARY DAMAGES AND**
　　　　　　　　　　　　　　　**INJUNCTIVE RELIEF**
13　Hayes Valley Limited Partnership, (AKA,

14　Hayes Valley Apartments II L.P.),
　　McCormack Baron Ragan Management
15　Services Inc., MBA Urban Development Co.,
　　The Related Companies of California, Inc.,
16　Sunamerica Affordable Housing Partnership
　　Inc., and Does 1 through 50 inclusive.
17

18

19　　　　　Defendants,

20

21

22　　　　　**VERIFIED COMPLAINT FOR**
　　　**MONETARY DAMAGES AND INJUNCTIVE RELIEF**
2

2

2

2

2

2

2

## JURISDICTION

1. Pursuant to 28 U.S.C. § 1331 at least one of the Plaintiff claim arises under the laws, Constitution of the United States of America.

2. The jurisdiction of this Court is invoked pursuant to for conspiracy to violate of Plaintiff's 5th and 14th amendment Constitutional due process(civil rights) and discrimination against the Plaintiff.

3. The jurisdiction of this Court is invoked pursuant to diversity Jurisidiction.

4. This Court has supplemental jurisdiction over state causes of action pursuant to 28 U.S.C. §1367, as claims so related to other issues in the action that they form part of the controversy.

5. The damages are in excess of $75,000.00.

## INSTRADISTRICT ASSIGNMENT

The incident took place in the City of San Francisco, State of California

Verified Complaint for Monetary Damages and Injunctive Relief

-2-

## DEFENDANTS

1. The defendants Hayes Valley Limited Partnership and their Partners are developers, financers and Managers of commerical and residential real estate development.

2. Hayes Valley Limited Partnership business is incorporated in California, their principle place of business is in California and their citizenship is in California.

2. The defendants developed Hayes Valley which is a housing facility located in San Fransico.

3. The defendants Manage properties similar to Hayes Valley throughout america.

4. McCormack Baron Ragan Management Services Inc., is the Management company for Hayes Valley Limited Partnership and they are incorporated in Missouri, and their principle place of business is in Missouri and their citizenship is in Missouri.

5. The Defendants MBA Urban Development Co Inc., is a general partner of Hayes Valley Limited Partnerhsip and they are incorporated in Missouri and their principle place of business is in Missouri and their citizenship is in Missouri.

6. The Related Companies of California, Inc. is a general partner of Hayes Valley Limited Partnership, and they are incorporated in the State of California, and their principle place of business in California and their citizenship is in the state of California.

7. Sunamerica Affordable Housing Partnership Inc., is a limited partner of Hayes Valley Limited Partnership, and they are incorporated in the State of California, and their principle place of business in the State of California, and there citizenship is in the State of California.

8.   Defendants McCormack Baron Ragan Management Service Inc. and MBA Urban
Development Co. Inc., are so intertwined with joint directors. In reality the very same
entity as they have the same parties involved in each limited partnership and involved in
the day to day management of the rental unit involved in this case.

9.   At all times mentioned herein, Hayes Valley Limited Partnership and Hayes Valley
Apartment II LP was registered with the California Corporations division was conducting
business under two or more different names.

12.  The agents, servants, employees were acting in the scope of their performance of duties
and acting under, in concert with the defendants.

13.  The Managing Agent(Property Manager for Hayes Valley) exercised independent
authority and judgment in the corporate decisions.

14.  The Defendants, at all times mentioned herein, were collecting rents and were not
licensed to collect rents as required by the California Department of Real Estate in
violation of California Business and  Professional Code § 10131(b)

15.  Plaintiff does not know the true names and capacities of defendants Does 1 through 50
inclusive and needs to obtain said information  through discovery.

16.  The defendants may be served through agent for service of process on its process server
through C T Corporations Systems 818 W. Seventh Street, Los Angeles, CA  90017

17.  The defendants Managing Apartment Agent may be served at 401 Rose Street, San
Fransico, CA  94102.

Verified Complaint for Monetary Damages and Injunction

-4-

# PLAINTIFF

18.  Plaintiff was born and raised in Saginaw, Michigan, and her citizenship is in

Detroit, Michigan.

19. Plaintiff obtained a Bachelor of Art Degree from the University of Michigan

(see exhibit    )

20. Plaintiff at all times mentioned was diagonised with a mental disability and as is "legally"

mentally disabled as defined by the Social Security Adminstration and under

"legal disability."

21. Plaintiff at all times was on the and on the <u>"verge" of complete rehabilitation</u> from her

mental disability at the time of the incident.

21.  Plaintiff and was working to obtain the Master Degree at the University of

Maryland(on-line) at the time of the incident.

22.  At all times mentioned herein Plaintiff was a tenant in lawful, peaceful

possession of a rental unit at Hayes Valley Apartment from Jan. 2005 thru May 2008.

23. Plaintiff had just started a Real Estate Investment/Solar Energy Company had received

"promising Investment Partners" with promises from Investments Partners in excess two

million dollars for corporate purposes.

24.  The defendant's actions caused a collapse of Plaintiff's emotional stability and to return

to disability status of being emotionally and mentally disabled.

Verified Complaint for Monetary Damages and Injunction

25. Plaintiff lost her newly started business, and has been unable to maintain a business due to her relapse of disability brought on by the defendants' oppressive and malicious conduct.

26. Has been unable to complete her Master degree and dismissed from the MBA program. (see exhibit $2$ )due to the fraudulent, oppressive, malicious conduct of the defendants.

27. Plaintiff was displaced and unable to find adequate housing due to the Plaintiff's entry to a data base, labeled as a "negative-bad" "non-paying tenant" due to the malicious conduct of the defendants.

28. Plaintiff, after displacement was without normal housing until June 2009.

29. Plaintiff has been under a doctor's care since the incident.

30. Plaintiff has a permanent left foot injury occurring upon the eviction and a right knee and right leg impairment, all of which is a direct result of the unexpected and unwanted involuntary displacement.

## INTRODUCTION

1. This complaint stems from the defendants unlawfully and illegally obtaining possession of the Plaintiff apartment without due process of law .

2. The defendants were to comply with California State laws, regarding termination of tenancy of Plaintiff tenancy. The defenant's breached their lease agreement and failed to provide Plaintiff notice of an increase of rent. The defendants then terminated Plaintiff tenancy without notice of termination as required by California State law.   The defendants deprived Plaintiff property without due process of law and violated Plaintiff civil rights.

Verified Complaint for Monetary Damages and Injunction

-6-

## **Predicates and Background to this complaint**

At all times mentioned, HVLP were at all times violating State laws and operating their business illegally. HVLP were collecting rents(not license to collect rents), in violation of Business and Professional Code section 10131(b) since the commencement of their business in 1997.

HVLP were serving their tenants with "improper" notices to pay rent or quit in violation California Civil Procedure 1161, and were at all times accepting rents after the service of a notice; which is a waiver of the notice(a collateral estoppal) and prohibits an eviction; thus, the defendants never met the pre-requisites Statutory requirement to file unlawful detainer lawsuits in the Superior Court of California and were unlawfully and illegally evicting tenants without due process of law.

Plaintiff herein mentioned at all times was a "victim," of said illegal and unlawful evictions by the defendants.

Plaintiff was in peaceful, lawful possession of the premises, the defendants discriminated against Plaintiff, increased Plaintiff rent to an "impossible" amount a person on fixed income could not afford without notice of increase in rent and terminated plaintiff's tenancy without notice and/or due process of law and forced Plaintiff to vacate the apartment and violated Plaintiff(due process) civil rights.

# **STANDARD OF REVIEW**

1. Unlawful Detainer are summary proceedings and requires strict compliance with California law in obtaining possession of the premises.

2. Plaintiff became homeless and displaced, lived in countless homeless shelter (see exhibit 7) for well over a year and just obtain normal housing in June 2009.

3. Plaintiff was and is under "legal" mental disability and was mentally incompetent due to the malicious conduct of the defendants.

4. Plaintiff seeks to toll the statue of limitations on any claim of relief that applies because of her "legal" disability.

5. Plaintiff has filed a complaint with the Department of Justice(FBI), for violation of Plaintiff civil rights.

6. Plaintiff also filed a complaint with HUD, and due to the malicious conduct of the defendants violating Plaintiff civil rights and forcing Plaintiff out of her residence Plaintiff was homeless, displaced, was "lacked the mental capacity" to file the complaint in a timely manner.

7. A Summary judgment may be granted if "the pleadings, and the materials on file, and any affidavits [or declarations] show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed R. Civil P.56(c)

Verified Complaint for Monetary Damages and Injunction

-8-

## STATEMENT OF FACTS AND SEQUENTIAL EVENTS

During **Christmas 2007/New Year 2008** Plaintiff received an **"unexpected"** writ for possession **posted on her front door.** **Plaintiff was evicted and deprived property without due process of law.** (see exhibit 4 )

Plaintiff under great emotional and mental distressed found a new apartment and moved into her new apartment on Oakdale Street, in San Fransico, CA(as a result of the unexpected writ posted on her front door, a the pressure of and moving without any money, on such short notice plaintiff broke her foot)(see exhibit 5 )

Plaintiff, applied for "legal and financial help" at various community organizations. On or about Jan. 7, 2008 upon receiving legal help at a local community agency, a legal advocate obtained Bridgewater court files and **[discovered]** **(1) the defendants "nearly two years prior"** issued ᴬᴺ improper notice to pay rent or quit in violation of California Civil Procedure 1161,(see exhibit 6 ) (2) filed an unlawful detainer lawsuit for possession of the apartment in Superior Court of San Fransico(did not meet the pre-requiste requirement of a service of a "proper" notice to pay rent or quit to filed the unlawful detainer,(see exhibit 6 ) (3) **accepted over and beyond rents as demanded pursuant to the unlawful detainer lawsuit filed.** **(see exhibit 7 )(undisputed facts and rental ledger)**

Plaintiff immediately petitioned the court and received a **[vacated] Judgment** by a Superior Court Judge.(see exhibit 𝑓) **The case required an immediate dismissal**.

Plaintiff then received a visit at her new apartment on Oakdale Street, San Fransico, CA from her section 8 worker.  Plaintiff section 8 worker informed Bridgewater that because she had **exercised her legal right and obtained a vacated Judgment** the defendants would not release her section 8 rental payment voucher to her new apartment on Oakdale Street, San Fransico. Plaintiff's section 8 worker instructed Bridgewater to move out of newly found apartment on Oakdale Street back to Hayes Valley.

Plaintiff had to **"unexpectedly"** moved out of her newly found apartment on Oakdale Street, San Fransico, CA **back** into Hayes Valley Apartments(old apartment).

The defendants then **[disregarded]** the vacated Judgment and **continued to pursue the case to gain possession of the apartment.**

On Feb. 19, 2008, at trial, during the manadatory settlement conference the defendants The defendants breached the lease agreement, discriminated against Bridgewater and increased maliciously increased Plaintiff rent in excess of $2,000.00, a person on a "fixed" income could not afford and without any prior notice of rent increase as required by law and afforded to other tenants. (see exhibit #9 - PAGE 2 #2)

The defendants then terminated Plaintiff's tenancy without any prior notice of termination of tenancy as required by law, and afforded to other tenants, forced Plaintiff to vacate the premises and violated Bridgewater's 5th and 14th amendment due process(civil) rights as secured by the United States Constitution.

Plaintiff was under so much emotional, and mental distress(**insanity** from having to **unexpectedly** move without money in such short period of time-on a broken foot & crutches, in

Verified Complaint for Monetary Damages and Injunctive Relief

1  freezing cold rain, of which both apartments was second story floors) and was render homeless

2  and displaced(see exhibit $\cancel{b}$ and just obtained stable housing in June 2009.

3
4  The Stipulated Judgment for possession of the premises obtained by the defendants was in

5  complicity and in conspiracy with the defendants attorney and contained a statement, "Each

6  signatory hereto represents that they have the expressed authority from the party they represent

7  to sign for and bind that party to the terms herein." (see exhibit $\#9 - PAGe\ 2\#14$ )

8

9  **FIRST CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION**
   **AGAINST ALL DEFENDANTS AND DOES 1 THRU 50 INCLUSIVE**
10

11

12  1. Plaintiff was peaceful, lawful, quiet possession of the premises.

13  2. The defendants obtained a Judgment for possession of Plaintiff apartment and illegally and

14     wrongful evicted Plaintiff pending Christmas/New Years. A Superior Court Judge

15     vacated the Judgment for possession of premises obtained by the defendants.
16

17  3. On Feb. 19, 2008, the defendants then breached the Hayes Valley residential lease

18     agreement, discriminated against the Plaintiff, and maliciously increased her rent in

19     excess of $2,000.00, in an amount a person on a fixed income could not afford, without a

20     30 day notice of increase and as afford to other tenants.
21

22  4. The defendants then terminated Plaintiff tenancy without notice of termination of

23     tenanacy as required by law and as afforded to other tenants.

24  5. Plaintiff was forced to move from the premises and deprived property without due

25     process of law and Plaintiff "due process" civil rights were violated. The defendants

26     maliciously prosecuted Plaintiff "without probable cause."
27

28

Verified Complaint for Monetary Damages and Injunction

-11-

6.   The defendants intended, willfully and knowingly committed and malicious prosecution to gain possession of the apartment.

7.   The defendant's actions constitute malicious prosecution and proximately caused Bridgewater damage.

8.   Bridgewater has been harmed by the defendant's actions and has damages. *broke her foot*

7.   Bridgewater is entitled to compensatory, special, statutory damages.

8.   The defendants in acting with malice, oppression and reckless disregard are liable to Plaintiff for punitive damages subject to the net worth of said defendants  pursuant to CCP § 3294 ( c )

9.   Plaintiff request an award of punitive damages according to proof at trial.

### SECOND CLAIM FOR RELIEF
### WRONGFUL EVICTION
### AGAINST ALL DEFENDANTS and Does 1 through 50 inclusive.

22. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

23. Bridgewater was in peaceful, lawful possession of the rental unit and had a right to maintain and retain her tenancy.  Bridgewater at all times had a valid lease agreement contract with the defendants.

24. The defendants violated California State law and failed to follow California Civil Procedure in obtaining possession of the premises and wrongfully evicted the Plaintiff.

25. The actions of the defendants constitutes wrongful eviction and proximately caused Bridgewater injuries and damages.

26. Bridgewater has been damaged and has damages.

27. Bridgewater is entitled to compensatory, special, statutory damages.

28. Plaintiff is also entitled to treble damages.

29. At all times mentioned the Defendants never Had a business license issued by the California Department of Real estate herein mentioned in violation of Business and Professional code section 10131(b) which requires a treble damages pursuant to C.C.P. § 1029.8

30. Bridgewater is entitled to compensatory, special, statutory damages.

31. The defendants in acting with malice, oppression and reckless disregard are liable to Plaintiff for punative damages.

32. Punitive damages subject to the net worth of said defendants pursuant to CCP § 3294 ( c )

33. Bridgewater request an award of punative damages according to proof at trial.

**THIRD CLAIM FOR RELIEF**
**RETAILITORY EVICTION**
**AGAINST ALL DEFENDANTS and Does 1 through 50 inclusive.**

10. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

Bridgewater had a right to be treated equally and free from discrimination or retaliation.

Verified Complaint for Monetary Damages and Injunction

-13-

11. Bridgewater exercised her legal right and obtained a vacated Judgment for possession of the apartment by a Superior Court Judge.

12. Bridgewater was in legal, lawful possession of the premises. The defendants retaliated.

13. On Feb. 19, 2008, at trial, the defendants discriminated against Bridgewater and increased her rent without notice of rent increase as afforded to other tenants. The defendants then discriminated against the Plaintiff, terminated her tenancy without any notice of termination of tenancy as provided to other tenants. The defendants disciminated, retaliated and forced Plaintiff to move from the property without due process of law.

14. The defendants knowingly, willingly and intended to retaliate and evict the Plaintiff.

15. The actions of the defendants constitutes retaility eviction and proximately caused Bridgewater injuries and damages.

16. Bridgewater has been damaged and has damages.

17. Bridgewater is entitled to compensatory, special, statutory damages.

18. Plaintiff is also entitled to treble damages as all times mentioned the Defendants never

19. Had a business license issued by the California Department of Real estate herein mentioned in violation of Business and Professional code section 10131(b) which requires a treble damages pursuant to C.C.P. § 1029.8

20. Bridgewater is entitled to compensatory, special, statutory damages.

21. The defendants in acting with malice, oppression and reckless disregard are liable to Plaintiff for punitive damages subject to the net worth of said defendants pursuant to CCP § 3294 ( c )

22. Bridgewater request an award of punative damages according to proof at trial.

Verified Complaint for Monetary Damages and Injunction

-14-

### FOURTH CLAIM FOR RELIEF
### VIOLATION OF Plaintiff's 5TH AND 14TH AMENDMENT
### DUE PROCESS RIGHTS(CIVIL)
### AGAINST ALL DEFENDANTS and Does 1 through 50 inclusive.

23. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

24. Bridgewater had a right to be free from any interference, with her exercise and enjoyment of her 5th and 14th amendment due process rights as secured by the United States Constution. Plaintiff had a right to due process of law + to be treated Equally.

25. Feb. 19, 2008, a trial, the defendants discriminated against Plaintiff , increased Plaintiff 's rent without any notice of increase and as afforded to other tenants.

26. The defendants then terminated Plaintiff tenancy without any notice of termination of tenancy as required by law and as affored to other tenants and deprived Plaintiff property without due process of law and violated Plaintiff 5th and 14th amendment due process(civil) rights as secured by the United States Constitution.

27. The defendants intended, willfully and knowingly violated Plaintiff 5th and 14th federally protected due process rights(civil) as secured by the U.S.Constitution.

28. The defendants actions constitutes violation of Plaintiff 5th and 14th amendment federally protected due process rights as secured by the U.S. Constitution and proximately caused Bridgewater damage.

Verified Complaint for Monetary Damages and Injunctive Relief

28. Bridgewater has been harmed by the defendant's actions and has damages.

30. Bridgewater is entitled to compensatory, special, statutory damages.

31. The defendants in acting with malice, oppression and reckless disregard are liable to Plaintiff for punitive damages subject to the net worth of said defendants pursuant to CCP § 3294 ( c )

Plaintiff request an award of punitive damages according to proof at trial.

## FIFTH CLAIM OF RELIEF FOR
### CONSPIRACY
## AGAINST AND ALL DEFENDANTS and Does 1 through 50 inclusive.

32. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

33. Bridgewater was in legal, lawful possession of the rental unit.

On Feb, 19, 2008, at trial, the defendants and their attorney conspired to violate Plaintiff civil rights and deprive plaintiff property without due process of law to force Plaintiff to vacate the apartment and gain possession of the apartment.

34. The defendants willfully, intentionally and knowingly intentionally committed conspiracy.

35. The defendants actions constitute conspiracy and proximately caused Plaintiff damage and harm.

36. Bridgewater has been harmed by the defendant's actions and has a damage claim.

Verified Complaint for Monetary Damages and Injunction

37. Bridgewater is entitled to compensatory, special, statutory damages.

38. The defendants in acting with malice, oppression and reckless disregard are liable to Plaintiff for punitive damages subject to the net worth of said defendants pursuant to CCP § 3294 ( c )

39. Plaintiff request an award of punative damages according to proof at trial.


### SIXTH CLAIM FOR RELIEF
### CONSPIRACY TO VIOLATE Plaintiff's 5TH AND 14TH AMENDMENT
### DUE PROCESS RIGHTS(CIVIL)
### AGAINST ALL DEFENDANTS and Does 1 through 50 inclusive.


40. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

41. Bridgewater had a right to be free from any interference, with her exercise and enjoyment of her 5th and 14th amendment due process rights as secured by the United States Constution. Plaintiff had a right to due process of law.

42. Feb. 19, 2008, a trial, the defendants conspired with their hired attorney Jane Creason to violate Plaintiff 5th and 14th amendment due process civil rights as secured by the United States Constitution and conspired deprive Plaintiff of property without due process of to gain possession of the apartment.

43. The defendants intended, willfully and knowingly conspired to violate of Plaintiff 5th and 14th federally protected due process rights(civil) as secured by the U.S.Constitution.

44. The defendants actions constitutes violation of Plaintiff 5th and 14th amendment federally

protected due process rights as secured by the U.S. Constitution and proximately caused

Bridgewater damage.

45. Bridgewater has been harmed by the defendant's actions and has damages.

46. Bridgewater is entitled to compensatory, special, statutory damages.

47.   The defendants in acting with malice, oppression and reckless disregard are liable to

Plaintiff for punitive damages subject to the net worth of said defendants  pursuant to

CCP § 3294 ( c )


dollars)Plaintiff request an award of punitive damages according to proof at trial.


## SEVENTH CLAIM FOR RELIEF

### FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### AGAINST ALL DEFENDANTS and Does 1 through 50 inclusive.

48. All preceding paragraphs are hereby incorporated by reference as if fully set forth

49. The defendants conduct was outrageous.

50. The defendants willfully, knowingly and intended to cause and inflict

Emotional distress on the Plaintiff.


51. The Defendants intentionally inflicted severe emotional distress by was of extreme and

outrageous conduct on Plaintiff.

Verified Complaint for Monetary Damages and Injunctive Relief

52. The defendants set the conditions, directly, facilitated, confirmed, ratified and inflicted emotional distress on Plaintiff.

53. The defendants conduct constitutes intentional infliction of emotional distress and proximately caused Bridgewater injuries and damages.

54. Bridgewater have been injured and damaged and have damages.

55. Bridgewater is entitled to compensatory, special damages.

56. The defendants in acting with malice, oppression and reckless disregard are liable to Plaintiff for punitive damages subject to the net worth of said defendants pursuant to CCP § 3294 ( c )

57. Plaintiff requests an award of punative damages according to proof at trial.

**EIGHTH CLAIM FOR RELIEF**
**BREACH OF HAYES VALLEY RESENTIONAL LEASE AND AGREEMENT**
**CONTRACT**
**AGAINST ALL DEFENDANTS and Does 1 through 50 inclusive.**

58. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

59. At all times mentioned Plaintiff right had a valid Hayes Valley residential lease contract with the defendants.

60. The defendants knew the contracted existed.

61. On Feb. 19, 2008, the defendants maliciously increased Bridgewater rent in an excess of $2,000.00 an amount a person on a fixed income could not afford and failed to provide

Verified Complaint for Monetary Damages and Injunctive Relief

-19-

Plaintiff with a 30 day notice of rent increase as stated in the contract ( see exhibit *10* #3)

and breached the contract. THE defendants then terminated Plaintiff's tenancy without due process of law.

62. The defendants intentionally, knowingly and willing breach the contract.

63. The defendants actions constitute breach of contract and proxiamently caused

Bridgewater harm and damage and the Plaintiff have a damage claim.

64. Bridgewater is entitled to compensatory, special damages

65. The defendants in acting with malice, oppression and reckless disregard are liable to

Plaintiff for punitive damages subject to the net worth of said defendants pursuant to

CCP § 3294 ( c )

66. Plaintiff requests an award of punative damages according to proof at trial.

## NINTH CLAIM FOR RELIEF

### FOR
### COMMON LAW FORCIBLE DETAINER
### AGAINST ALL DEFENDANTS and Does 1 through 50 inclusive.

67. All preceding paragraphs are hereby incorporated by reference as if fully set forth

68. At all times mentioned Plaintiff had a right to possession of the premises. Plaintiff was in

peaceful, lawful, possession of the premises. Plaintiff had a legal right to possession of

the premises. Plaintiff had a right to be free from threat, coercion and force, and a right

to due process of law in the termination of her tenancy.

Verified Complaint for Monetary Damages and Injunctive Relief

63. On Feb. 19, 2008 the defendants breached the residential lease agreement, failed to maliciously increased Plaintiff rents in excess of $2,000.00 without notice as required by law.

64. The defendants then formed a Stipulated Judgment executed the Judgment and included in provision #1 "Plaintiff to receive possession of the premises located at 427 Page Street, San Fransico, CA 94102 on April 30, 2008. A Writ of Possession for said premises may issue immediately if Defendants has not restored possession to Plaintiff by vacating said premises on or before April 30, 2008 by the close of business at 6:00 p.m.

65. The defendants further included provision #9, "If Defendant fails to comply with any of the terms as herein stated, judgment shall enter for possession and the full amount of past due rent, attorney fee's and costs. A writ of execution for money and possession shall immediately upon Declaration by Plaintiff's counsel if Defendant fails to comply with this stipulation Judgment for possession shall be enter pursuant to CCP 415.46 as to any and all occupants.

66. The defendants then enforced the Stipulated Judgment for possession of the apartment and terminated Plainitiff tenancy without notice of tenancy as required by law, forced Plaintiff to move from the premises pursuant to the Stipulated Judgment. The defendants used threat, coercion and force to gain possession of the apartment and force Plaintiff to vacate.

67. The Defendants intentionally, knowingly and willing committed common law forcible detainer.

68. The actions of the defendants constitutes forcible detainer and proximately caused Bridgewater injuries and damages.

Verified Complaint for Monetary Damages and Injunction

-21-

69. Bridgewater has been damaged and has damages.

70. Bridgewater is entitled to compensatory, special, statutory damages.

71. Plaintiff is also entitled to treble damages as all times mentioned the Defendants never

   Had a business license issued by the California Department of Real estate herein

   mentioned in violation of Business and Professional code section 10131(b) which

   requires a treble damages pursuant to C.C.P. § 1029.8

72. Bridgewater is entitled to compensatory, special, statutory damages.

73. The defendants in acting with malice, oppression and reckless disregard are liable to

   Plaintiff for punitive damages subject to the net worth of said defendants pursuant to CCP

   § 3294 ( c )

74. Bridgewater request an award of punative damages according to proof at trial.

**TENTH CLAIM FOR RELIEF FOR CONSPIRACY TO COMMIT COMMON LAW FORCIBLE DETAINER AGAINST ALL DEFENDANTS and Does 1 through 50 inclusive.**

75.All preceding paragraphs are hereby incorporated by reference as if fully set forth

76. At all times mentioned Plaintiff had a right to possession of the premises. Plaintiff was in

   peaceful, lawful, possession of the premises. Plaintiff had a legal right to possession of the

   premises. Plaintiff had a right to be free from threat, coercion and force, and due process of

   law in the termination of her tenancy.

77. On Feb. 19, 2008 , the defendants, and their attorney conspired to use force, threat and

   coercion to force Plaintiff to move to gain possession of the apartment.

78. Pursuant to the Stipulated Judgment executed and enforced by the defendants, Each had the "express authority" of each other and bind to the terms of the Stipulated Judgment.

79. The Defendants intentionally, knowingly and willing conspired to committed common law forcible detainer.

80. The actions of the defendants constitutes conspiracy to commit forcible detainer and proximately caused Bridgewater injuries and damages.

81. Bridgewater has been damaged and has damages.

82. Bridgewater is entitled to compensatory, special, statutory damages.

83. Plaintiff is also entitled to treble damages as all times mentioned the Defendants never Had a business license issued by the California Department of Real estate herein mentioned in violation of Business and Professional code section 10131(b) which requires a treble damages pursuant to C.C.P. § 1029.8

84. Bridgewater is entitled to compensatory, special, statutory damages.

85. The defendants in acting with malice, oppression and reckless disregard are liable to Plaintiff for punitive damages subject to the net worth of said defendants pursuant to CCP § 3294 ( c )

86. Bridgewater request an award of punative damages according to proof at trial.

Verified Complaint for Monetary Damages and Injunctive Relief

### ELEVENTH CLAIM FOR RELIEF
### BREACH OF IMPLIED COVENANT OF QUIET ENJOYMENT
### OF THE PREMISES

### AGAINST ALL DEFENDANTS and Does 1 through 50 inclusive.

87. All preceding paragraphs are hereby incorporated by reference as if fully set forth

herein.

88. Plaintiff had a right to possession of the premises, had a residential lease agreement with

the defendants and Plaintiff was to receive quiet enjoyment of the premises in entering

into the lease agreement with the defendants. Plaintiff has a right to use the premises,

and a right to quiet enjoyment of the premises as afforded other tenants.

89. On Feb. 19, 2008, at trial, the defendants, discriminated against the Plaintiff, terminated

Plaintiff tenancy without due process, breached the lease contract, violated Plaintiff due

process civil rights and breach implied covenant of quiet enjoyment and the Plaintiff

rights to quiet enjoyment and the use of the premises. *+ forced Plaintiff to move from the premises,*

90. The defendants willingly, knowingly and intended to breach implied covenant of quiet

enjoyment with Plaintiff her right to quiet enjoyment of and use of the premises.

91. The defendants actions constitutes breach of implied covenant of quiet enjoyment of the

premises with Plaintiff right to quiet enjoyment of the premises and proximately caused

loss of use of the premises, moving expenses and other damages.

92. The defendants in acting with malice, oppression and reckless disregard are liable to

Plaintiff for punitive damages subject to the net worth of said defendants pursuant to

CCP § 3294 ( c )

93. Plaintiff requests an award of punative damages according to proof at trial.

Verified Complaint for Monetary Damages and Injunctive Relief

-24-

## TWELVTH CLAIM FOR RELIEF

### BREACH OF SETTLEMENT AGREEMENT
### (confirmed in writing )

### AGAINST ALL DEFENDANTS and Does 1 through 50 inclusive.

94. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

95. On Feb. 19, 2008, at all times mentioned the defendants and Plaintiff the had an oral agreement per the settlement conference.

96. The defendants promised Plaintiff to account for Plaintiff security deposit in accordance with California law.(see exhibit #9 page 1 & 2

97. The defendants were aware and had full knowledge of the settlement terms.

98. On Feb. 19, 2008,  the defendants confirmed the terms of the settlement agreement in writing per the Stipuated Judgment for possession of the premises.(see exhibit     )did not account for Plaintiff security deposit in accordance with California law.

99. The defendants breached the terms of the agreed settlement.

100. The did not return to Plaintiff **"one"** penny of Plaintiff's security deposit.

101. The defendants willfully, knowingly and intended to breach the terms of the settlement agreement.

102.The defendants actions constitutes breach of settlement agreement and proximately caused Bridgewater in ability to obtain another unit because she lacked funds to apply

Verified Complaint for Monetary Damages and Injunctive Relief

-25-

and secured another apartment, great emotional distress Bridgewater have been harmed

and damaged by the defendants actions and have a damage claim.

103. Bridgewater is entitled to compensatory, special damages.

104. The defendants in acting with fraud, malice, oppression and reckless disregard are

liable to Plaintiff for punitive damages subject to the net worth of said defendants

pursuant to CCP § 3294 ( c )

105. Plaintiff requests an award of punative damages according to proof at trial.

### THIRTEENTH CLAIM FOR RELIEF
### NEGLIENT INFLICTION OF EMOTIONAL DISTRESS
### AGAINST ALL DEFENDANTS and Does 1 through 50 inclusive.

106. All preceding paragraphs are hereby incorporated by reference as if fully set forth

herein.

107.The defendants owed a duty of care toward Bridgewater.

108. Unlawful detainers are summary proceedings and as such under California Law all

unlawful detainers must be strictly complied with state statutes and as such payment of

rents acceptance after a pay rent or quit notice prohibits the entry of judgment of

eviction.

109. Plaintiff was a "direct victim" which arose from the defendants violations by obtaining

the Judgment for possession of the apartment and having Plaintiff apartment posted

pending Christmas/New Year, which resulted in plaintiff "extreme" emotional and

psychological distress and "breakdown" and caused Plaintiff to break her foot.

Verified Complaint for Monetary Damages and Injunctive Relief

-26-

110.    Plaintiff was "direct victim" and suffered "extreme, serious," emotional distress by

being placed in a homeless situation, having lost of dignity and self-esteem.

111.    Plaintiff suffers from fear, shame, fear "horror", unsure and constantly worries she will

be evicted at any time.

112.    The defendant know that tenants such as Bridgewater  have vulnerability to illegal acts

of the defendants, and the inability to enforce there rights and would be unable to

adequately cope with the mental stress engendered by the totality of the circumstances.

113.    Plaintiff had moved out of Hayes Valley, was"blessed" to find another apartment in San

Fransico on such short notice on Oakdale. Street, moved into her new apartment and was

living, quietly and peacefully enjoying her new apartment.   Then, **"unexpectedly"**

received a visit from her section 8 worker, and was told she had to once again,

**"unexpectedly"** move out out her new apartment back to Hayes Valley defendants then

would not release her section 8 rental payment voucher, because Bridgewater had

exercized her legal right and received a vacated Judgment.  Bridgewater was forced

again to move to move back into Hayes Valley into "HORROR" and "suffered, extreme,

severe, trauma, emotional, distress, etc."

114.    Once Plaintiff moved back into Hayes Valley, the defendants maliciously withheld "the

amount due" of rent, would not communicate to Plaintiff.

The

defendants would not give Plaintiff any amount due and failed to communicate with the

Plaintiff(see exhibit $^{|}$  )  Plaintiff did everything in her power to maintain her tenancy to

keep from suffering similar circumstances of having to "unexpectedly" move once again.

Verified Complaint for Monetary Damages and Injunctive Relief

115.   At trial, the defendants then malicious increased Bridgewater rent in excess of
$2,000.00 without due process and Plaintiff move pursuant to the Stipulated Judgment
and forced Plaintiff into a homeless situation.

116.   Plaintiff herein was a "direct victim" and suffered "serious, extreme" emotional distress
as they had accepted all rents and still insisted on evicting Plaintiff on Feb. 19, 2008, in
violation of state .          law, causing Plaintiff even further aggrevation of her foot
injury, and causing right leg impairment and "extenstive, extreme, serious"

117.   Plaintiff "suffered" serious extreme emotional distress and moved to Hawaii in hopes of
allievating some of the stress and was rendered homeless in Hawaii(see exhibit /2\
emotional distress.  As plaintiff once again had to look for housing, in California but
was unable to obtain housing due to her name being in a unlawful detainer data base and
plaintiff is labeled a "bad" non-paying tenant "due to the negligence of the defendant
entering into a "pre-eviction" hearing with an "unauthorized" party nearly'TWO
YEARS PRIOR" without Plaintiff knowledge or consent before having Plaintiff
**apartment posted  pending Christmas/New Year(an evicting Plaintiff)**.

118.Plaintiff "suffered" serious extreme emotional distress as having to relocate back to
California and homeless state and displaced.

117.   Plaintiff herein was a "direct victim" and suffers "serious, extreme" emotional distress
of the negligence caused Plaintiff as Mccormack Baron Ragan Management Services
Inc. who was never a licensed property Management company in the State of CA, and
never licensed to collect rents in the State of California and never had a license property
manager on duty in a nearly 300 unit complex.

Verified Complaint for Monetary Damages and Injunctive Relief

118.    The defendants actions was the substantial cause of Plaintiff injuries and "serious" emotional distress.

119.    The defendants actions constitutes negligent infliction of emotional distress and proximately caused Bridgewater harm and damages.

120. Bridgewater have been harmed and damages by the defendants actions and have a damage claim.

121. Bridgewater is entitled to compensatory, special damages.

122. The defendants in acting with fraud, malice, oppression and reckless disregard are liable to Plaintiff for punitive damages subject to the net worth of said defendants pursuant to CCP § 3294 ( c )

123. Plaintiff request an award of punative damages according to proof at trial.

**WHEREFORE, plaintiff demands Judgment against the defendants**

1. For General Damages according to proof

2. For Special Damages according to proof

3. For Damages for the First Claim of relief for common law Malicious Prosecution

4. For Damages for the Second Claim relief for Wrongful Eviction

5. For Damages for the Third Claim of Relief Retailitory Eviction

6. For Damages for the fourth Claim of Relief for violation of Plaintiff 5th and 14th amendment due process secured constititutional civil rights

7. For Damages for the fifth Claim of relief for Conspiracy.

Verified Complaint for Monetary Damages and Injunctive Relief

8. For Damages for the sixth Claim Conspiracy to Violate Plaintiff 5th and 14th amendment due process rights(civil) as secured by the US Constitution.

9. For Damages for the Seventh Claim of Relief Intentional Infliction of Emotional Distress

10. For Damages for the eighth Claim of Relief Breach of Hayes Valley Residential lease agreement.

11. For Damages for the ninth claim of relief for Common Law forcible detainer.

12. For Damages for the tenth Claim of Relief for Conspiracy to commit common law forcible detainer.

13. For Damages for the eleventh Claim of Relief for Breach of implied covenant of Quiet enjoyment of premises.

14. For Damages for the twelvth Claim of Relief Breach of Settlement Agreement.

15. For Damages for the Thirteenth Claim of Relief  Neglient Infliction of Emotional Distress.

13. For an order enjoining the defendants, each of them, and their Agents, Servants, employees and all persons acting under, in concert with them.

14.  Assume jurisdiction of this case.

15.  An order for defendants to produced sensitive financial and net worth Information to assess punitive damages.   Alternatively, Bridgewater respectfully requests this Court restrict the documents to be produced to those that represents he present net worth of the defendants.

Verified Complaint for Monetary Damages and Injunctive Relief

-30-

16. Order the defendants to produce a list of other partners(names) that should be added as defendants to this complaint.

17. For cost of suit herein incurred and attorney fees.

18. Plaintiff request an expedited trial.

19. Hold each defendant jointly and severally liable.

20. Hold each defendant jointly and severally liable for concert of action.

21. Order an National criminal investigation into the Defendants business dealings affairs including IRS, FBI, Housing and Urban Development.

23. Stop the defendants from violating Calfornia Civil Code 1161 in giving their tenants inproper "notices" to pay rent or quit "with no exact dollar amount due."

24. Punative damages according to proof at trial.

25. Consolidate this case with the attorney Case Kimbal, Tirey and St. John LLP

26. Plaintiff request a separate trial for each case.

28. TRO ASSET FREEZE, TEMPORARY RECEIVER RE PRELIMINARY INJUNCTION(PRE-JUDGMENT WRIT OF ATTACHMENT OF CASH OR PROPERTY IN THE AMOUNT OF $200,000.000.00 TWO HUNDRED MILLION DOLLARS [IN THE ALTERNATIVE] APPOINTMENT OF PERMANENT RECEIVER. PLAINTIFF RESPECTFULLY Request the Court to help fill in the blanks on the TRO.

29. PLAINTIFF REQUEST THE COURT TO ORDER THE DEFENDANTS TO PAY.

Verified Complaint for Monetary Damages and Injunction

-31-

30. Plaintiff also request to court for immediate relief to Order the defendants to pay for award Plaintiff immediate cost and fee's thus incurred in the amount of $147,000.00(legal research, cost of filing, etc.)

31. For any other further relief as the court may deem proper and just.

32. Plaintiff also request the court to Appoint Counsel.

## PLAINTIFF REQUEST A JURY TRIAL

Respectfully submitted,



Sharon Bridgewater

Dated: FEB. 16, 2010

Verified Complaint for Monetary Damages and Injunction

-32-

# VERIFICATION

I Sharon Bridgewater Declare:

I am the Plaintiff in the above entitled action.

I make this verification because the facts set forth in the complaint are within my

knowledge and it is I who was evicted in the underlining

unlawful detainer.

I have read the foregoing complaint and know the contents thereof. The same is true of

my own knowledge. I except as to those matters which are therein alleged on information

and belief, and as to those matters, I believe it to be true.

I Sharon Bridgewater declare under penalty of perjury under the laws of the State of

California that the foregoing is true and correct.

Dated:  FEB. 16  , 2010

At San Francisco, California

Verified Complaint for Monetary Damages and Injunctive Relief

-33-

# Exhibit 1



# The University of Michigan

to all who may read these letters, Greetings:

Hereby it is certified that upon recommendation of the

## College of Literature, Science, and the Arts

The Regents of The University of Michigan have conferred upon

## Sharon Bridgewater

in recognition of the satisfactory fulfillment of the prescribed requirements the degree of

## Bachelor of Arts

with all the rights, privileges, and honors thereto pertaining here and elsewhere.



Dated at Ann Arbor, Michigan this nineteenth day of August, nineteen hundred and ninety-four

*James J. Duderstadt*
President

*Harold R. Johnson*
Interim Secretary

# Exhibit 2



# University of Maryland University College
*Graduate Student Affairs*

December 18, 2008

Sharon Bridgewater
105 Miner Place
P.O. Box 1837, Makawao, HI  96768
Makawao, HI 96768

Dear Sharon Bridgewater:

A review of your course work indicates that you have not maintained a satisfactory academic record.  Therefore, I must inform you that you have been dismissed from the Graduate School at University of Maryland University College.

The academic regulations of the Graduate School require students to maintain specific academic requirements to be eligible to continue enrollment in graduate courses.  Information regarding this policy is located at http://www.umuc.edu/policy/aa15000_fall.shtml.

If you are currently registered, tuition and fees will be refunded in full.  If you have any questions regarding this matter, you can contact Graduate Advising at (301) 985-7155.  I wish you success in your future endeavors.

Sincerely,

Julie L. Coe

Julie L. Coe
Director, Graduate Student Affairs

EmplID - 0443920

# Exhibit 3

## Reservation Confirmation

Next Door
1001 Pr k Street

SHAP JN BRIDGEWATER
-297 c

Section:                  035 - Res Ctr: 2nd Flr Women Lowerbunk (33-58)
Bed:                      39
Reservation Start Date    04/23/09
Reservation End Date:     04/29/09

Late Pass Dates:
Late Pass Time:
Late Pass Expiration Date:
First Night:              No

Creator:                  Jasmine Harrison
Facility:                 Glide Memorial Resource Center

[ Print ]      [ Close ]

## Reservation Confirmation

Next Door
1001 Polk Street

SHARON BRIDGEWATER
-2970

| Section: | 019 - CJC:4th Flr Women Bed (43-46) |
|---|---|
| Bed: | 45 |
| Reservation Start Date | 05/29/09 |
| Reservation End Date: | 05/29/09 |

Late Pass Dates:          Friday
Late Pass Time:           10:00 PM
Late Pass Expiration Date: 05/29/09
First Night:              No

Creator:          Vanessa Lawrence
Facility:         Tenderloin Health Resource Center



## Reservation Confirmation

Next Door
1001 Polk Street

SHARON BRIDGEWATER
-2970

Section:                          021 - Res Ctr: 4th Flr Women (50-100)
Bed:                              99
Reservation Start Date            05/07/09
Reservation End Date:             05/13/09

Late Pass Dates:                  Thursday
Late Pass Time:                   10:00 PM
Late Pass Expiration Date:        05/07/09
First Night:                      No

Creator:                          Vanessa Lawrence
Facility:                         Tenderloin Health Resource Center

 

# Exhibit 4

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | TELEPHONE NO.: | LEVYING OFFICER (Name and Address): |
|---|---|---|
| Kimball, Tirey & St. John 5994 W. Las Positas Blvd.,#219 Pleasanton, CA 94588 | | County of San Francisco San Francisco Sheriff Civil Section 1 Dr. Carlton B. Goodlett PL Rm 456 Civil Divison San Francisco, CA 94102 (415) 554-7235 |

NAME OF COURT, JUDICIAL DISTRICT OR BRANCH COURT, IF ANY:

San Francisco - Superior Court
400 McAllister Street
San Francisco, CA 94102

PLAINTIFF:
Hayes Valley Ltd. Partnership
DEFENDANT
Sharon Bridgewater

| Return on Writ of Possession | LEVYING OFFICER FILE NO.: 2007349192 | COURT CASE NO.: CUD06617995 |
|---|---|---|

I, Michael Hennessey, Sheriff, County of San Francisco, State of California, hereby certify that I received the annexed writ on 12/24/2007, and that the herein defendant(s):

Sharon Bridgewater

427 Page Street
San Francisco, CA 94102

Was/were served with a notice to surrender the premises with five (5) days or I would proceed to enforce said writ. My proceedings under the writ, and the return there on, are those as indicated below:

   Copy of Notice posted at premises on 12/26/2007
   Copy of Notice mailed to defendant(s) on 12/26/2007

I served the same by placing the plaintiff in quiet and peaceful possession of the premises on 1/16/2008. I returned said writ fully satisfied as to plaintiff's possession only and with accrued costs of $75.00.

Michael Hennessey, Sheriff
County of San Francisco
State of California

Executed: January 16, 2008

By: _____
Sheriff's Authorized Agent

**Return on Writ of Possession**
Original

160455

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number and address):

SHAWN BANKSON
SHAWN BANKSON, BAR #223638
KIMBALL, TIREY & ST. JOHN
5994 W. LAS POSITAS BOULEVARD #219
PLEASANTON, CA 94588
   TELEPHONE NO.: 800-525-1690   FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
  ATTORNEY FOR (Name): PLAINTIFF
[X] ATTORNEY FOR [X] JUDGMENT CREDITOR  [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
  STREET ADDRESS: COUNTY OF SAN FRANCISCO
  MAILING ADDRESS: 400 McAllister, 1st Floor
  CITY AND ZIP CODE: San Francisco, California 94102
  BRANCH NAME: Limited Civil Jurisdiction

PLAINTIFF: HAYES VALLEY LIMITED PARTNERSHIP

DEFENDANT: SHARON BRIDGEWATER

| WRIT OF | [ ] EXECUTION (Money Judgment) |
| --- | --- |
| | [X] POSSESSION OF  [ ] Personal Property |
| |                   [X] Real Property |
| | [ ] SALE |

**FOR COURT USE ONLY**

FILED
San Francisco County Superior Court

JAN 3 0 2008

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

CASE NUMBER:
CUD-06-617995

1. To the Sheriff or Marshal of the County of: SAN FRANCISCO

   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. To any registered process server: You are authorized to serve this writ only in accord with CCP 699.080 or CCP 715.040.

3. (Name): HAYES VALLEY LIMITED PARTNERSHIP
   is the [X] judgment creditor  [ ] assignee of record    whose address is shown on this form above the court's name.

4. Judgment debtor (name and last known address):

   ┌─────────────────────────────┐
   │ SHARON BRIDGEWATER          │
   │ 427 PAGE STREET             │
   │ SAN FRANCISCO, CA 94102     │
   └─────────────────────────────┘

   [ ] Additional judgment debtors on next page
5. Judgment entered on (date): 12/19/2007

6. [ ] Judgment renewed on (dates):

7. Notice of sale under this writ
  a. [X] has not been requested.
  b. [ ] has been requested (see next page).
8. [ ] Joint debtor information on next page.

[SEAL]

9. [X] See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. [ ] This writ is issued on a sister-state judgment.
11. Total judgment ........................ $     0.00
12. Costs after judgment (per filed order or memo CCP 685.090) .............. $     0.00
13. Subtotal (add 11 and 12) ............ $     0.00
14. Credits ............................ $     0.00
15. Subtotal (subtract 14 from 13) ...... $     0.00
16. Interest after judgment (per filed affidavit CCP 685.050) (not on GC 6103.5 fees) ... $     0.00
17. Fee for issuance of writ ............. $    15.00
18. Total (add 15, 16, and 17) .......... $    15.00
19. Levying officer:
  (a) Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) of ........ $     0.00
  (b) Pay directly to court costs included in 11 and 17 (GC 6103.5, 68511.3; CCP 699.520(i)) ........ $     0.00
20. [ ] The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

Issued on (date): DEC 2 1 2007

GORDON PARK-LI Clerk, by _____ , Deputy
CAROLYN DAUGHERTY

**NOTICE TO PERSON SERVED: SEE NEXT PAGE FOR IMPORTANT INFORMATION.**

                                   Page 1 of 2

# Exhibit 5

1/11/08

Received from Sharon Bridgewater
Three hundred forty + no/100
(Cash). down payment on #500 deposit
for 1769 Oakdale Ave, SF –
Balance of $160 plus your
share of first + last month's rent
due — before move in date.

Suzanne Banford
Autry Banford

333-9181
Cell. 816-1312
816-2204

SAN FRANCISCO HOUSING AUTHORITY
LEASED HOUSING DIVISION
1815 EGBERT STREET
SAN FRANCISCO, CA 94124
(415) 715-3280/(415) 715-3287-FAX

TENANT/OWNER ASSISTED LEASE
SECTION 8 HOUSING CHOICE
VOUCHER PROGRAM

1. Parties:
   Landlord  BANFORD, AUTRY/SUSANNE
   Address   155 BEVERLY STREET
             SAN FRANCISCO, CA 94134

   TENANT    SHARON BRIDGEWATER

2. Unit
   Address   1769 OAKDALE AV
             SAN FRANCISCO, CA 94124

   The household consists of the following member(s):

   SHARON BRIDGEWATER
   JAMES BRIDGEWATER S.

3. Term of Lease:
   The term of the Lease begins on 01/01/08 and shall
   end on 12/31/08. [...] lease is not
   executed, the tenant [...] month to month basis
   effective the [...] expiration
   date of the [...] this lease
   shall be 01.

Rent:

A.  $ 717.00 shall be paid [...] on behalf of [...]

    $ 1,033.00 [...] tenant directly

    $ 1,750.00 per month is the total rent amount the
    Landlord may charge for the unit.

B.  The amount of the total monthly rent payable to the
    Landlord during the term of the Lease (called the
    "contract rent") shall be determined in accordance with
    the Contract between the Landlord and the PHA.

C.  The portion of the Contract rent payable by the tenant
    ("tenant rent") shall be an amount determined by the
    PHA in accordance with HUD regulations and requirements.
    The amount of the tenant rent is subject to change as
    determined by the PHA during the term of the Lease. Any
    change in the amount of the tenant rent will be stated
    in a written notice by the PHA to the Tenant and the
    Landlord, stating the new amount and the effective date
    of the change. Initially and until such change the
    Tenant agrees to pay 1,038.00 per month to the
    Landlord as the tenant rent. The rent is due and payable
    on the first day of the month; the initial rent payment
    shall be prorated if the Lease does not begin on the
    first day of the month.

**SAN FRANCISCO GENERAL HOSPITAL
MEDICAL CENTER (SFGMC)
ED AFTERCARE INSTRUCTIONS**

**RESTRICTIONS/RELEASE NOTE**

Name:_____
Was seen at SFGHMC-ED on _____
☐ You may return to work/school
☐ No work/school until_____
  if unable to work at this time, see a private
  physician or your provider or return to the ED
☐ Modified work/no PE for _____ days
☐ Restrictions:_____
_____
_____
_____
_____
☐ No specific restrictions
☑ No use of affected part until seen in follow-up

_____
Physician Name (Print) & Signature

**PATIENT**

**SAN FRANCISCO GENERAL HOSPITAL
EMERGENCY DEPARTMENT (ED)**
1001 Potrero Avenue, San Francisco, CA 94110 (415) 206-8111

NAME BREEWATER , SHARON
DOB 11/1/1962 F 0163 018 E 3

MRN
PCP
HCA EST Patient ID/Addressograph DATE:_____

| Drug | Strength | Quantity | Instructions |
|---|---|---|---|
| Calcium Carbonate | | | take as directed |
| | | OTC | |
| | | | |
| | | | |

Special Instructions
☐ Spanish ☐ Chinese ☐ Prepack ☐ No Safety ☐ No Generic

| Prescriber name (Print) & Signature | CHN# | CA Lic# |
|---|---|---|
| Co-Sign Name (Print) & Signature | CHN# | CA Lic# | DEA # |

**PHARMACY**

You have been given an emergency diagnosis only. IF YOU ARE NO BETTER IN 24-48 HOURS OR IF YOUR SYMPTOMS WORSEN AT ANY TIME, YOU SHOULD SEE YOUR DOCTOR OR RETURN TO THE EMERGENCY DEPARTMENT. IF YOU ARE NOT BACK TO NORMAL IN 7 DAYS, SEE YOUR DOCTOR OR RETURN TO THE EMERGENCY DEPARTMENT. IF YOUR ILLNESS OR INJURY WAS WORK RELATED, FOLLOW YOUR EMPLOYER'S POLICY FOR FOLLOW UP. Bring this sheet with you at follow up.

Your ED Attending was: Dr. Lynn Bui 03844 Problem/Diagnosis: Fx (L) 5TH prox metatarsal

These tests have been performed and will need follow up by your provider:_____
Discharge Instructions for the following conditions have been given:_____

Additional or Specific Instructions:
(1.) Wear BLEDSLOE BOOT - May remove for bathing (no wt bearing while off)
(2.) May weight bear in bledsloe boot as tolerated
(3.) Take pain med. Vicodin 1-2 tablets every 6 hours for pain #30
    Otherwise use plain Tylenol (4) take Calcium supplements, no smoking, no alcohol

Aftercare Instructions (see back of page): ☐ Wound Care / Sutures ☐ Stomach Flu ☐ Sprains / Bruises ☐ Neck / Back Pain ☐ Head Injury
    ☐ Colds / Bronchitis / Asthma / Emphysema   good nutrition

Discharge Adjunct(s): ☐ Interpreter ☐ Social Service ☐ Domestic Violence ☐ Other:_____

☐ See your doctor or managed care provider in _____ days.

    THIRD FLOOR

| Follow Up Clinic | Date Requested | Appointment Date | Follow Up Clinic | Date Requested | Appointment Date |
|---|---|---|---|---|---|
| Ftx on Thurs @ | 4/10/08 @ | | 1pm in 3M SF64 | per Dr. Kashyup | |
| See CLINIC FIST | | | | | |

☐ An appointment with the CHN is not available, call _____ clinic for an appointment in _____ days.

I have received and understand the discharge instructions given to me.

_____
Signature     Relationship (self/parent/guardian)     Date

Provider: Erin Carrington 03134    1/4/08
Print name     Signature and title     Date     (415) 206-811
     ED phone #

*REGISTRATION & ADMISSION RECORD* SFGHMC, 1001 POTRERO AVE. SF, CA 94110

PT NAME: BRIDGEWATER ,SHARON                    MOM'S NAME:
DOB:  04/11/1962 AGE:  45 SEX: F RACE: 2 REL: NRP SSN: 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
==================================================MRN: 01638018 PT NO: 163801800224 =
ADDR: 427 PAGE STREET                    ***ADVANCED DIRECTIVE INFORMATION***
                                         **1) HAS PT EXECUTED AN AD?     N **
CITY: SAN FRANCISCO                       **2) IS AD IN THE PTS MED REC?   X **
ZIP:  94102-    CNTY: SAN FRANCISCO        **3) HAS PT BEEN GIVEN AD INFO? Y **
COUNTRY:                                   **4) DOES PT WISH TO REVISE AD? X **
PHONE: 415  573-7992          CA          TOBACCO USE IN PAST YEAR?        **
ALT PHONE:                                IF YES, HAS INFO BEEN GIVEN?     **
================================================================================
PR PROV:                          PR CLINIC:
ER REG DT/TM:  01/04/08  06:49    ADM  DT/TM: 01/04/08  06:49
EXP ARR DT/TM:                    DSCH DT/TM:
ER DISP:     LWBS:                DSCH DISP:            LAST ADM:  /  /
PT TYPE: E  CASE STATUS: ET       TRA NO:               ID:
HOS SVC: EMR     ADM SR/TP:       PT COMPL: FRACTURE TO FOOT
NUR STA:        ROOM/BED:         ADM DIAG:
ADM DR:                           ACC CODE:   DATE:              TIME:
A■■ DR: MCBETH ,BRIAN D.          SEVERITY: 4 TRIAGE: 06:34 1ST CALL:
FROM:                   BY:       ER LOC:  WTR      SUR DATE:
================================================================================
GUARANTOR:  REL TO PT: S          EMERGENCY CONTACT: REL TO PT:
BRIDGEWATER ,SHARON
427 PAGE STREET
SAN FRANCISCO      CA  94102
415  573-7992
          SSN: 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
GUARANTOR EMPLOYER:               NEXT OF KIN:     REL TO PT:   NONE




================================================================================
SOC:                    RES STATUS:    8         PRIOR STAY IND:
A EFF:                  FAMILY SIZE:   01         PRIOR ADM DATE:
B EFF:                  GROSS MON INC: 0800       PRIOR DSCH DT:
LIQUID ASS: 00000001    INV FPL 100 HSF FPL       WD15 STS:   DT:
COUNTY/AID: 3860        SRC: 08  INCOME SOURCE:
EVC NUMBER: 7174N2LXH0  HOMELESS IND:  N  STATUS:                LHH RX:
SPEC PROG:              VA STAT: N      MARITAL STAT: S    LANG: ENG INT:
================================================================================

FC  2
 COMPANY NAME         ADDRESS           CITY          ST   ZIP    REL
1: 1   Y   202  MCAL FFS          373742970
  E.D.S.            P.O. BOX 15500        SACRAMENTO     CA  95852
2:

3:

4:

================================================================================
COMMENTS:
      :                               REG/ADM BY:  749JRA
PT INTVW: Y COA: Y  COT:              VERIFIED BY:
DATE/TIME STAMP: 01/04/08  06:50  749JRA    EW:

# Exhibit 6

Apr 17 06 08:58a     Hayes Valley Apartments     415-487-1830     p.3

**Hayes Valley Apartment**
401 Rose Street
San Francisco, CA 94102
*Phone* 415-487-1218
*Fax* 415-487-1834

### NOTICE TO PAY RENT OR QUIT

To:   Sharon Bridgewater AND ALL OTHERS IN POSSESSION:

WITHIN FIVE DAYS, after the service on you of this notice, you are herby required to pay the delinquent rent of the premises herein described, of which you now hold possession as follows:

| | | | | | | |
|---|---|---|---|---|---|---|
| $107.00 | FROM | SEPTEMBER | 1, 2005 | THROUGH | SEPTEMBER | 30, 2005 |
| $107.00 | FROM | OCTOBER | 1, 2005 | THROUGH | OCTOBER | 31, 2005 |
| $107.00 | FROM | NOVEMBER | 1, 2005 | THROUGH | NOVEMBER | 30, 2005 |
| $107.00 | FROM | DECEMBER | 1, 2005 | THROUGH | DECEMBER | 31, 2005 |
| $107.00 | FROM | JANUARY | 1, 2006 | THROUGH | JANUARY | 31, 2006 |
| $107.00 | FROM | FEBRUARY | 1, 2006 | THROUGH | FEBRUARY | 28, 2006 |
| $107.00 | FROM | MARCH | 1, 2006 | THROUGH | MARCH | 31, 2006 |

Or you are hereby required to deliver up possession of the hereinafter described premises, with five days after service on you of the notice, to HAYES VALLEY LIMITED PARTNERSHIP ("owner"), who/which is authorized to receive the same, or legal proceedings will be instituted against you to declare the forfeiture of the lease or rental agreement under which you occupy the herein below described property and to recover possession of said premises, to recover all rent past due, to recover court cost, attorney fees as permitted by law, and possible additional statutory damages of up to SIX HUNDRED DOLLARS ($600.00) in accordance with California Code of Civil Procedure Section 1174(b), as a result of your failure to comply with the terms of this notice.

The premises herein referred to is situated in the City of SAN FRANCISCO, County of SAN FRANCISCO, State of California, designated by the number and street 497 Rose STREET.

You are further notified that should you fail to remit the above-demanded rent or ..................... on the above-described premises, the undersigned does elect to ................. the surrender of your lease or rental agreement under which you hold possession of the above-described premises.

Payment must be made to the owner/agent at the following address:   401 ROSE STREET SAN FRANCISCO, CA 94102

Telephone number for the above address:     415-487-1218

Payments made in person shall be delivered to owner/agent between the hours 9:00 am-4:00 pm on the following days of the week: Monday through Friday. Payments may also be made by appointment only on Saturday and Sunday.

You may make such reply as you wish. You have the right to examine Lessor documents directly relevant to the lease termination.

You have a right to a grievance hearing in this matter. You must within five (5) days meet and discuss with the landlord this notice and the proposed termination of tenancy Advice regarding this notice is available from the San Francisco Rent Stabilization and Arbitration Board located at 25 Van Ness Street, Suite 320, San Francisco, CA 94102 on Monday through Friday from 8:00 am 5:00 pm and via telephone at 425-252-4600.

Dated:     04/12/2006

By:   _Frank Eller_  - TEMP RECEPTIONIST
For:   Property Manager, Hasinah Rahim
McCormack Baron Rason for Hayes Valley Apartments



COPY

04/17/2006 MON   8:41   [JOB NO. 7694]   @003

EXHIBIT

**UD-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| SHAWN BANKSON <br> SHAWN BANKSON, BAR #223638 <br> KIMBALL, TIREY & ST. JOHN <br> 5994 W. LAS POSITAS BOULEVARD #219 <br> PLEASANTON, CA 94588 <br> TELEPHONE NO.: 800-525-1690   FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*:   **PLAINTIFF** | **F I L E D** <br> San Francisco County Superior Court <br><br> APR 2 4 2006 <br><br> GORDON PARK-LI, Clerk <br> *Deborah Steppe* <br> DEBORAH STEPPE, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: COUNTY OF SAN FRANCISCO
MAILING ADDRESS: 400 McAllister, 1st Floor
CITY AND ZIP CODE: San Francisco, California 94102
BRANCH NAME: Limited Civil Jurisdiction

PLAINTIFF: HAYES VALLEY LIMITED PARTNERSHIP

DEFENDANT: SHARON BRIDGEWATER

[X] DOES 1 TO 10 INCLUSIVE

| COMPLAINT — UNLAWFUL DETAINER* | CASE NUMBER |
|---|---|
| [X] COMPLAINT  [ ] AMENDED COMPLAINT *(Amendment Number)*: | CUD-06 617995 |

Jurisdiction *(check all that apply)*:

[X] ACTION IS A LIMITED CIVIL CASE
    Amount demanded    [X] does not exceed $10,000
                       [ ] exceeds $10,000 but does not exceed $25,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply)*:
     [ ] from unlawful detainer to general unlimited civil (possession not in issue)    [ ] from limited to unlimited
     [ ] from unlawful detainer to general limited civil (possession not in issue)    [ ] from unlimited to limited

1. PLAINTIFF *(name each)*: HAYES VALLEY LIMITED PARTNERSHIP

    alleges causes of action against DEFENDANT *(name each)*: SHARON BRIDGEWATER

2. a. Plaintiff is   (1) [ ] an individual over the age of 18 years.    (4) [ ] a partnership.
                  (2) [ ] a public agency.                 (5) [ ] a corporation.
                  (3) [X] other *(specify)*: LIMITED PARTNERSHIP

   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify)*:

3. Defendant named above is in possession of the premises located at *(street address, apt. no., city, zip code, and county)*:
    427 PAGE STREET, SAN FRANCISCO, SAN FRANCISCO COUNTY, CA 94102

4. Plaintiff's interest in the premises is    [X] as owner    [ ] other *(specify)*:
5. The true names and capacities of defendants sued as Does are unknown to plaintiff.
6. a. On or about *(date)*: 1/3/2005       defendant *(name each)*: ~~SHARON BRIDGEWATER~~

     (1) agreed to rent the premises as a    [ ] month-to-month tenancy   [X] other tenancy *(specify)*: 1 YEAR
     (2) agreed to pay rent of $ 107.00    payable   [X] monthly   [ ] other *(specify frequency)*:
     (3) agreed to pay rent on the   [X] first of the month   [ ] other day *(specify)*:
   b. This [X] written   [ ] oral   agreement was made with
     (1) [ ] plaintiff.                 (3) [ ] plaintiff's predecessor in interest.
     (2) [X] plaintiff's agent.          (4) [ ] other *(specify)*:

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

| Form Approved for Optional Use <br> Judicial Council of California <br> UD-100 [Rev. July 1, 2005] | COMPLAINT—UNLAWFUL DETAINER   Legal Solutions Plus | Civil Code, § 1940 et seq. <br> Code of Civil Procedure §§ 425.12, 1166 |
|---|---|---|

| PLAINTIFF *(Name)*:   HAYES VALLEY LIMITED PARTNERSHIP | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name)*:  SHARON BRIDGEWATER | |

6. c. [X] The defendants not named in item 6a are
    (1) [ ] subtenants.
    (2) [ ] assignees.
    (3) [X] other *(specify)*:  UNKNOWN

  d. [ ] The agreement was later changed as follows *(specify)*:


  e. [ ] A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached
    and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*

  f. [X] *(For residential property)* A copy of the written agreement is not attached because *(specify reason)*:
    (1) [ ] the written agreement is not in the possession of the landlord or the landlord's employees or agents.
    (2) [X] this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. [X] a. Defendant *(name each)*:  SHARON BRIDGEWATER


  was served the following notice on the same date and in the same manner:
    (1) [ ] 3-day notice to pay rent or quit    (4) [ ] 3-day notice to perform covenants or quit
    (2) [ ] 30-day notice to quit    (5) [ ] 3-day notice to quit
    (3) [ ] 60-day notice to quit    (6) [X] Other *(specify)*: 5 DAY PAY/QUIT
  b. (1) On *(date)*:  4/17/2006    the period stated in the notice expired at the end of the day.
    (2) Defendants failed to comply with the requirements of the notice by that date.
  c. All facts stated in the notice are true.
  d. [X] The notice included an election of forfeiture.
  e. [X] A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc.,
    § 1166.)*
  f. [ ] One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different
    manner, as stated in Attachment 8c. *(Check item 8c and attach a statement providing the information required by
    items 7a–e and 8 for each defendant.)*

8. a. [X] The notice in item 7a was served on the defendant named in item 7a as follows:
    (1) [X] by personally handing a copy to defendant on *(date)*: 4/17/2006
    (2) [ ] by leaving a copy with *(name or description)*:
      a person of suitable age and discretion, on *(date)*:    at defendant's
      [ ] residence [ ] business AND mailing a copy to defendant at defendant's place of residence on *(date)*:
      *(date)*:    because defendant cannot be found at defendant's residence or usual
      place of business.
    (3) [ ] by posting a copy on the premises on *(date)*:    [ ] AND giving a copy to a person found
      residing at the premises AND mailing a copy to defendant at the premises on
      *(date)*:
      (a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
      (b) [ ] because no person of suitable age or discretion can be found there.
    (4) [ ] *(Not for 3-day notice; see Civil Code, § 1946 before using)* by sending a copy by certified or registered mail
      addressed to defendant on *(date)*:
    (5) [ ] *(Not for residential tenancies; see Civil Code, § 1953 before using)* in the manner specified in a written
      commercial lease between the parties.
  b. [ ] *(Name)*:
    was served on behalf of all defendants who signed a joint written rental agreement.
  c. [ ] Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.
  d. [ ] Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

| PLAINTIFF (Name): HAYES VALLEY LIMITED PARTNERSHIP | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): SHARON BRIDGEWATER | |

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

10. ☒ At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $ 749.00

11. ☒ The fair rental value of the premises is $ 3.51 per day.

12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*

13. ☒ A written agreement between the parties provides for attorney fees.

14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

Plaintiff has met all applicable requirements of the ordinances.

15. ☒ Other allegations are stated in Attachment 15.

16. Plaintiff accepts the jurisdictional limit, if any, of the court.

17. PLAINTIFF REQUESTS

   a. possession of the premises.

   b. costs incurred in this proceeding:

   c. ☒ past-due rent of $ 749.00

   d. ☒ reasonable attorney fees.

   e. ☒ forfeiture of the agreement.

   f. ☒ damages at the rate stated in item 11 from *(date):* 4/1/2006 for each day that defendants remain in possession through entry of judgment.

   g. ☐ statutory damages up to $600 for the conduct alleged in item 12.

   h. ☐ other *(specify):*

18. ☒ Number of pages attached *(specify):* FOUR

### UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)

19. *(Complete in all cases.)* An unlawful detainer assistant ☒ did not ☐ did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:)*

   a. Assistant's name:

   b. Street address, city, and zip code:

   c. Telephone No.:

   d. County of registration:

   e. Registration No.:

   f. Expires on *(date):*

Date: 4/20/2006

SHAWN BANKSON
   (TYPE OR PRINT NAME)

► _____
   (SIGNATURE OF PLAINTIFF OR ATTORNEY)

### VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
   (TYPE OR PRINT NAME)

► _____
   (SIGNATURE OF PLAINTIFF)

## VERIFICATION

I, the undersigned, say;

That I am the attorney for Plaintiff in this action; the Plaintiff is absent from the County of Alameda, California, where I have my office, and I make this verification for and on behalf of the party for that reason; and, it is impractical to obtain the signature of the Plaintiff in that this is a summary proceeding, and time of the essence in this matter. I read the above Complaint for Unlawful Detainer and know it contents. I am informed and believe, and on those grounds, allege that the matters stated in it are true.

Executed on April 20, 2006 at Pleasanton, California. I declare under penalty of perjury that the foregoing is true and correct.

KIMBALL, TIREY & ST. JOHN

Attorney for Plaintiff

By: SHAWN K. BANKSON

DECLARATION - 1

Exhibit 7

# SEPARATE STATEMENT OF UNDISPUTED FACTS

## UNDISPUTED FACTS

1) Attorney Shawn Bankson on behalf
Defendants Hayes Valley Limited Partnership
Signed the verification of the unlawful detainer
In case No. 617995 alleging a cause of action for
Eviction for non-payment of rent for the period
Of time from 9/1/2005 to 3/31/2006 for possession
Of the premises of 427 Page St. San Francisco
California.

2) Plaintiff Bridgewater was served a
"Five Day Notice to Pay Rent or Quit "
dated *April 12, 2006*.

3) Bridgewatater was served a second
"Five Day Notice to Pay Rent or Quit"
Date *Nov. 12, 2007*

4) Plaintiff Bridgewater paid a
rent payment of $207.00, which was
accepted by Hayes Valley Limited
Partnership on June 13, 2006, and another
Rent payment on July 10, 2006 of $207,
Aug. 23, 2006, $207.00, Sept. 15, 2006,
207.00, Oct. 18., 2006, $207, Nov. 21, 2006,
$207.00, Dec. 15. 2006, $207. Feb. 13, 2007,
$414.00, March 28, 2007, 207.00, June 11, 2007,
$414.00, all of these payments were accepted by
Hayes Valley Limited Partnership for rent payments
for rental unit commonly known 427 Page Street,
San Francisco, California making total rental
Payments made and accepted after the Five Day
Notice to pay rent or quit of $2,464.00.

5) Plaintiff gave Bridgewater
Second notice to pay rent or quit dated
November 12, 2007

## PROOF OF FACTS

1) See Request for Judicial Notice
pursuant to Evidence Code ( )
of the unlawful detainer in case No.
617995, ( )
Attorney Shawn Bankson signed the
unlawful detainer seeking possession
of the premises commonly known as
427 Page Street San Francisco,
California.

2) Request for Judicial Notice dated
( )

3) Request for Judicial Notice
( )

3) Copy of Rental Ledger for 427 Page
Street, San Francisco for Sharon
Bridgewater's unit showing and
proving rental payment in excess of
that what was demanded in the five
day notice to pay rent or quit dated
April 12, 2006 in the amount of
$749.00, see Exhibit( 3 )and Exhibit
( 4 ) Rental Ledger for 427 Page St.
San Francisco, California showing
rents paid and accepted after the
filing of the unlawful detainer.

3) Bridgewater had credit balances on
her rental ledger from July 2007 thru
Nov. 2007 thru Sept. 2007
And only owed $62.74 in Oct. 2007
See Copy of Rental ledger
( )

# MCCORMACK BARON RAGAN

Date : 12/8/2008

## Resident Ledger (Non HAP)

| Code | t0016030 | Property | 0284 | Lease From | 10/24/2007 |
|------|----------|----------|------|------------|------------|
| Name | Sharon Bridgewater | Unit | 08-427 | Lease To | 12/31/2007 |
| Address | 427 Page Street | Status | Past | Move In | 1/6/2005 |
| | | Rent | 1600 | Move Out | 5/5/2008 |
| City St. Zip | San Francisco, CA 94102 | Phone(O)- | | Phone(H)- | |

| Date | Description | Charge | Payment | Balance | Chg/Rec |
|------|-------------|--------|---------|---------|---------|
| 1/6/2005 | Rent for 26 days | 89.74 | | 89.74 | 150936 |
| 1/6/2005 | Security Deposit | 1,527.00 | | 1,616.74 | 156258 |
| 1/28/2005 | chk# 08-077509838 | | 400.00 | 1,216.74 | 145597 |
| 1/28/2005 | chk# 08077509839 | | 400.00 | 816.74 | 145598 |
| 2/1/2005 | Rent (02/2005) | 107.00 | | 923.74 | 161220 |
| 2/4/2005 | chk# 53739390815 | | 107.00 | 816.74 | 157187 |
| 3/1/2005 | Rent (03/2005) | 107.00 | | 923.74 | 188758 |
| 4/1/2005 | Rent (04/2005) | 107.00 | | 1,030.74 | 213250 |
| 4/19/2005 | chk# 54116152816 | | 321.00 | 709.74 | 218026 |
| 5/1/2005 | Rent (05/2005) | 107.00 | | 816.74 | 236772 |
| 6/1/2005 | Rent (06/2005) | 107.00 | | 923.74 | 259847 |
| 7/1/2005 | Rent (07/2005) | 107.00 | | 1,030.74 | 285443 |
| 7/12/2005 | chk# 46233134552 | | 239.00 | 791.74 | 283985 |
| 8/1/2005 | Rent (08/2005) | 107.00 | | 898.74 | 309934 |
| 8/12/2005 | chk# 54475645323 | | 500.00 | 398.74 | 310995 |
| 8/24/2005 | Late Charge | 25.00 | | 423.74 | 324140 |
| 9/1/2005 | Rent (09/2005) | 107.00 | | 530.74 | 335233 |
| 9/13/2005 | Late Charge | 25.00 | | 555.74 | 346011 |
| 10/1/2005 | Rent (10/2005) | 107.00 | | 662.74 | 359354 |
| 10/11/2005 | chk# 57-39843512 | | 108.00 | 554.74 | 357464 |
| 10/24/2005 | Late Charge | 25.00 | | 579.74 | 373007 |
| 11/1/2005 | Rent (11/2005) | 107.00 | | 686.74 | 384326 |
| 12/1/2005 | Rent (12/2005) | 107.00 | | 793.74 | 407066 |
| 12/8/2005 | Late Charge | 25.00 | | 818.74 | 418567 |
| 1/1/2006 | Rent (01/2006) | 107.00 | | 925.74 | 433195 |
| 2/1/2006 | Rent (02/2006) | 107.00 | | 1,032.74 | 455742 |
| 2/10/2006 | Late Charge | 25.00 | | 1,057.74 | 467062 |
| 3/1/2006 | Rent (03/2006) | 107.00 | | 1,164.74 | 477969 |
| 4/1/2006 | Rent (04/2006) | 107.00 | | 1,271.74 | 533782 |
| 5/1/2006 | Rent (05/2006) | 107.00 | | 1,378.74 | 559769 |



Ledger

| Date | Description | Charge | Payment | Balance | Ref |
|---|---|---|---|---|---|
| 5/5/2006 | chk# 08-465925320 | | 860.00 | 518.74 | 522357 |
| 6/1/2006 | Rent (06/2006) | 107.00 | | 625.74 | 550553 |
| 6/9/2006 | Late Charge | 25.00 | | 650.74 | 561674 |
| 6/13/2006 | chk# 08-404049817 | | 207.00 | 443.74 | 554636 |
| 7/1/2006 | Rent (07/2006) | 107.00 | | 550.74 | 575039 |
| 7/10/2006 | chk# 08-528140489 | | 207.00 | 343.74 | 577304 |
| 8/1/2006 | Rent (08/2006) | 107.00 | | 450.74 | 600282 |
| 8/23/2006 | chk# 08-525478587 | | 207.00 | 243.74 | 611679 |
| 9/1/2006 | Rent (09/2006) | 107.00 | | 350.74 | 626150 |
| 9/6/2006 | Late Charge | 25.00 | | 375.74 | 635724 |
| 9/15/2006 | chk# 08-549863720 | | 207.00 | 168.74 | 641312 |
| 10/1/2006 | Rent (10/2006) | 107.00 | | 275.74 | 650185 |
| 10/9/2006 | Late Charge | 25.00 | | 300.74 | 662460 |
| 10/18/2006 | chk# 08-577660944 | | 207.00 | 93.74 | 671105 |
| 11/1/2006 | Rent (11/2006) | 107.00 | | 200.74 | 676342 |
| 11/10/2006 | Late Charge | 25.00 | | 225.74 | 689135 |
| 11/21/2006 | chk# 08-534078301 | | 207.00 | 18.74 | 698600 |
| 12/1/2006 | Rent (12/2006) | 107.00 | | 125.74 | 701878 |
| 12/12/2006 | Late Charge | 25.00 | | 150.74 | 719658 |
| 12/15/2006 | chk# 08-577661584 | | 207.00 | (56.26) | 717257 |
| 1/1/2007 | Rent (01/2007) | 107.00 | | 50.74 | 732987 |
| 1/11/2007 | Late Charge | 25.00 | | 75.74 | 736323 |
| 2/1/2007 | Rent (02/2007) | 107.00 | | 182.74 | 760558 |
| 2/9/2007 | Late Charge | 25.00 | | 207.74 | 772147 |
| 2/13/2007 | chk# 56577201582 | | 414.00 | (206.26) | 770280 |
| 3/1/2007 | Rent (03/2007) | 107.00 | | (99.26) | 784554 |
| 3/28/2007 | chk# 08-669077082 | | 207.00 | (306.26) | 801536 |
| 4/1/2007 | Rent (04/2007) | 107.00 | | (199.26) | 811254 |
| 5/1/2007 | Rent (05/2007) | 107.00 | | (92.26) | 837297 |
| 5/10/2007 | Late Charge | 25.00 | | (67.26) | 849698 |
| 6/1/2007 | Rent (06/2007) | 107.00 | | 39.74 | 862184 |
| 6/7/2007 | Late Charge | 25.00 | | 64.74 | 873881 |
| 6/11/2007 | chk# 08-703197231 | | 207.00 | (142.26) | 875484 |
| 6/11/2007 | chk# 08-703197230 | | 207.00 | (349.26) | 875465 |
| 7/1/2007 | Rent (07/2007) | 107.00 | | (242.26) | 888490 |
| 7/1/2007 | Rent Adj 7/07 | (29.00) | | (271.26) | 888489 |
| 7/10/2007 | Late Charge | 25.00 | | (246.26) | 900947 |
| 8/1/2007 | Rent (08/2007) | 107.00 | | (139.26) | 914902 |
| 8/1/2007 | Rent Adj 8/07 | (29.00) | | (168.26) | 914704 |
| 8/7/2007 | Late Charge | 25.00 | | (143.26) | 926294 |
| 9/1/2007 | Rent (09/2007) | 107.00 | | (36.26) | 941037 |
| 9/1/2007 | Rent Adj 9/07 | (29.00) | | (65.26) | 940407 |
| 9/7/2007 | Late Charge | 25.00 | | (40.26) | 952289 |
| 10/1/2007 | Rent (10/2007) | 78.00 | | 37.74 | 966820 |
| 10/9/2007 | Late Charge | 25.00 | | 62.74 | 979185 |
| 11/1/2007 | Rent (11/2007) | 78.00 | | 140.74 | 993070 |
| 11/6/2007 | Late Charge | 25.00 | | 165.74 | 1004289 |

| 12/1/2007 | Rent (12/2007) | 78.00 | | 243.74 | 1019153 |
|---|---|---|---|---|---|
| 1/1/2008 | Rent (01/2008) | 78.00 | | 321.74 | 1044765 |
| 2/1/2008 | Rent (02/2008) | 78.00 | | 399.74 | 1070554 |
| 2/8/2008 | Late Charge | 25.00 | | 424.74 | 1083106 |
| 3/1/2008 | Rent (03/2008) | 78.00 | | 502.74 | 1095200 |
| 4/1/2008 | Rent (04/2008) | 78.00 | | 580.74 | 1120203 |
| 5/1/2008 | Rent (05/2008) | 78.00 | | 658.74 | 1134239 |
| 5/5/2008 | ·Security Deposit credit | (1,527.00) | | (868.26) | 1258997 |
| 5/5/2008 | Rent (05/2008) Credit 26 days | (65.42) | | (933.68) | 1258998 |
| 5/5/2008 | Amount to be refunded | 215.42 | | (718.26) | 1258999 |
| 5/4/2008 | Invoice #696255 Complete carpet replacement, carpet left in | 1,377.00 | | 658.74 | 1181494 |
| 5/4/2008 | Per settlement agreement & agreement allowed to stay through April 30, 2008 rent free | (658.74) | | 0.00 | 1181495 |

# Exhibit 8

I M A G E D

JAN 2 5 2008

1    Name: Sharon Bridgewater
     Address: 427 Page St., San Francisco, CA, 94102
2

3    Phone #: 415 - 573 - 7992

F I L E D
San Francisco County Superior Court

4

JAN 2 2 2008

5          SUPERIOR COURT OF THE STATE OF CALIFORNIA GORDON PARK-LI, Clerk
                                       BY:
6                    COUNTY OF SAN FRANCISCO                      Deputy Clerk

7

8    Hayes Valley Apartments    )   Case No.: Cud -06-617995
9           Plaintiff,         )   **ORDER GRANTING MOTION TO VACATE**
                              )   **JUDGMENT**
10    vs.                      )
                              )
11    Sharon Bridgewater    )) Date: 1-22-08
12          Defendant,        )) Time: 9:30 a.m.
                              )   Dept: 301
13

14       This matter came before the court on _ 1-22-08 _. Upon

15   considering the arguments and evidence presented, good cause appearing

16   thereon, the Court finds that the judgment entered on 12-19-08 (8-07)

17   is hereby vacated.

18       IT IS SO ORDERED.

19

20    Date: 1/22/08

21                       Judge of the Superior Court

22                          PETER J. BUSCH

23

24

25

26

27

28

- 1

Exhibit 9

**SUPERIOR COURT**
**CITY & COUNTY OF SAN FRANCISCO**
**SETTLEMENT CONFERENCE HEARING**
HAYES VALLEY LIMITED PARTNERSHIP

_____
(PLAINTIFF(S))

SHARON BRIDGEWATER, ET AL

_____
(DEFENDANT(S))

CASE NO. 617995
LINE #1

_Settled by Stip_
_2-19-08_
_Alex Brolk_

Appearances:

For Plaintiff: SHAWN BANKSON   _J. Creason: Esq._

For Defendant: PRO PER

Nature of Action: _____

Amount of Prayer: $ _____   2:45 PM

Plaintiff's Demand: $ EITHER ① MOVE-OUT w/i 90-Day WINDOW OR
② FULL PAYMENT OF ALL BACK RENT PLUS

Defendant's Offer: $ _____   ATTORNEYS FEE as consideration

Residuale: _____   for pay and stay

Specials: _____

Court suggested settlement figure: $ _____

AT 3:30 PM that offer has been raised to 60-Day MOVE

**TRIAL DATA:**

Case is set for   **JURY – COURT**   trial on _____ FEB 19 _____ 20 08   OUT, ACCOUNTING

at 9:00 A.M., Courtroom 206, 400 McAllister Street   OF DEPOSIT WITH

Time estimated for trial: _____   ANY SUM RETURNED

Court trial for assessment of damages only:   YES - NO   ACCORDING TO LAW.

Names of Judges on panel for court trial: _____

Stipulation entered as to 8 person jury:   YES - NO

BAJI instruction numbers submitted: _____

Sanctions to be imposed if settled after 10:00 A.M. _____

ON   CALENDAR   _Will Chen_
_____
Judge Presiding, Settlement Hearing

**WILLIAM F. CHEN**

1  KIMBALL, TIREY & ST. JOHN. LLP
   Jane L. Creason Bar No. 189094
2  5994 W. Las Positas Blvd., Suite 219
   (800) 525-1690
3  (800) 281-1911 (fax)

4  Attorney for Plaintiff
   HAYES VALLEY LIMITED PARTNERSHIP

5

**FILED**
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

FEB 1 9 2008

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

6        SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

7

8

9  HAYES VALLEY LIMITED PARTNERSHIP      )   Case No.: CUD-06-617995
                                         )
10                          Plaintiff,   )   STIPULATION FOR ENTRY OF JUDGMENT
         Vs.                             )   AND ORDER THEREON
11                                       )
                                         )
12 SHARON BRIDGEWATER                    )
                                         )
13                          Defendant    )
                                         )
14 DOES 1 TO 10 INCLUSIVE                )
                                         )
15 --------------------------------------)

16

17      IT IS SO STIPULATED by and between the parties hereto through Plaintiff's counsel,

18 KIMBALL, TIREY & ST. JOHN; Plaintiff, HAYES VALLEY LIMITED PARTNERSHIP,

19 and Defendant, SHARON BRIDGEWATER, that judgment in the above-entitled will be entered

20 as follows should Defendant fail to comply with any of the terms stated herein:

21      1.      Plaintiff to receive possession of the premises located at 427 PAGE STREET,

22 San Francisco, CA, 94102 on ~~March 17,~~ *april 30 (ds)* 2008. A Writ of Possession for said premises may

23 issue immediately if Defendant has not restored possession to Plaintiff by vacating said

24 premises on or before ~~March 17,~~ *april 30 (ds)* 2008 by the close of business at 6:00 p.m.

25      2.      The parties further agree that in exchange for Defendant moving out by ~~April 3,~~ *april 30 (ds)*

26 ~~2008,~~ *2008* Plaintiff will waive all of the past due rent in the amount of $2,124.74.

1

3.   Plaintiff waives $450 attorneys' fees and $405 in costs.

4.   The rental agreement/lease under which Defendant holds possession of said property is forfeited on ~~March 17~~ *April 30*, 2008.

5.   Defendant SHARON BRIDGEWATER expressly waives any and all rights to a noticed motion and/or right to a hearing on the entry of a judgment pursuant to this stipulation.

6.   Defendant SHARON BRIDGEWATER expressly agrees to leave the premises in good repair and clean condition according to California law.

7.   Plaintiff shall return Defendant's security deposit in ~~the amount of $600.00 in exchange for keys on March 17, 2008.~~ *accordance with California law*.

8.   Defendant SHARON BRIDGEWATER and any others in possession will move out ~~March 17~~ *April 30*, 2008 by 6:00 p.m.

9.   If Defendant fails to comply with any of the terms as herein stated, judgment shall enter for possession and the full amount of past due rent, attorneys' fees and costs. A writ of execution for money and possession shall issue immediately upon Declaration by Plaintiff's counsel if Defendant fails to comply with this stipulation. Judgment for possession shall be entered pursuant to CCP 415.46 as to any and all occupants.

10.   In the event of non-compliance, Plaintiff shall give 24-hour telephonic notice to the defendant at the following phone number:  415.401.5573   .

11.   This stipulation shall be dispositive of all issues raised in Plaintiff's Complaint and all affirmative defenses which could have been raised in Defendant's Answer, ~~and shall be considered res judicata in any further proceeding initiated by either party.~~

12.   It is further stipulated that facsimile signatures shall be deemed originals, per California Rules of Court, Rule 2.305 (d) and that this Stipulation may be executed in

2

1  counterparts as circumstances require and shall be deemed fully enforceable upon execution

2  of all parties hereto.

3      13.    In the future, Plaintiff will give only a neutral reference as to dates of occupancy

4  and rental amount.

5

6      14.    Each signatory hereto represents that they have the express authority from the

7  party they represent to sign for and bind that party to the terms herein.

8  15. Defendant reserve the right to sue in the further and
   do not give up all claims pertaining to further law suits

9  Dated: _____ 2/19/08 _____                          a

10  _____
    Defendant- SHARON BRIDGEWATER

11  Dated: _2/19/08_____

12  _____
    Plaintiff- HAYES VALLEY LIMITED PARTNERSHIP

13                                                By: _____
                                                  Authorized Agent for Plaintiff

14

15  Dated: _2/19/08_____

16  _____
    KIMBALL, TIREY & ST. JOHN, LLP

17                                                Attorneys for Plaintiff
                                                  By: Jane Creason

18

19

20                              **ORDER**

21  IT IS SO ORDERED:              Alexandre Chalk
                                    Judge Pro Tem.
22

23  Dated: _2-19-08_____

24  _____
    JUDGE/COMMISSIONER OF THE SUPERIOR COURT

25

26

27

28

                                    3

# Exhibit 10

## HAYES VALLEY
## RESIDENTIAL LEASE

1. **PARTIES**

   THIS LEASE is made and entered into this **23** ~~day~~ of **MAY** ~~January~~ **2006** ~~2005~~, by and between McCormack Baron Management Services, Inc. as agent for Hayes Valley Limited Partnership hereinafter referred to as "Lessor", whose address is, 401 Rose Street, San Francisco, California 94102 and **Sharon Bridgewater** who is (are) jointly and severally responsible under this Lease, hereinafter referred to as "Lessee".

2. **LEASED PREMISES** In consideration of the rents, covenants and agreements hereinafter reserved and contained on the part of Lessee to be observed and performed, the Lessor leases to the Lessee, those certain improvements and premises (being hereinafter referred to as the "Leased Premises" or the "dwelling unit") located at:

   Address: 427 Page Street _____ No: N/A Unit No.: N/A

   City: San Francisco, State: CA ZIP: 94102

   All of the dwelling units and common areas covered by the Ground Lease between Lessor and San Francisco Housing Authority shall collectively be termed, which includes the Leased Premises shall be collectively termed the "Property."

3. **TERM OF LEASE** **MAY 23, 2006** ~~2007~~

   The term of this Lease shall begin on ~~January 06, 2006~~ and end on December 31, 2005, both dates inclusive, unless sooner terminated as hereinafter provided. After the initial Lease term ends, the Lease shall be extended automatically for successive terms of one (1) month each unless terminated according to the conditions set forth in Sections 22 and 23 of this Lease. All provisions hereof shall remain the same during any such extension, except that Lessor reserves the right to increase the amount of rent upon delivery of written notice to Lessee thirty (30) days prior to the effective date of such increase.

4. **PAYMENTS DUE UNDER THE LEASE**

   A. Monthly Rent: The rental for the Leased Premises will be $ **One Thousand Six Hundred** Dollars ($ 1,600 ) payable monthly, in advance, at the office of Lessor, in the City of San Francisco, State of California, or at such other place designated by Lessor. The monthly rent will remain the same for the entire term of the Lease, however, if the Lease is extended beyond the initial term, the monthly rent may be increased upon delivery of written notice to Lessee thirty (30) days prior to the effective date of such increase. Rent is due on the first (1st) day of each month.

   B. Payments On Lease Commencement: At the time of the signing of this Lease, Lessee shall pay the following:

      1. First Month's Rent: Lessee shall pay the first month's rent. However, if the term of this Lease begins on any day except the first day of the month, Lessee shall pay a full month's rent in advance and will receive a Zero Dollars ($00.00 ) credit for rent due on the first of the following month.

      2. Security Deposit: Lessee shall also deposit the additional sum of **housand Five Hundred Twenty-** Dollars ($ 1,527 ) (hereafter the "Security Deposit"), receipt of which is acknowledged by Lessor, as security for the full and faithful performance by Lessee of this Lease. Upon Lessee's vacating the Leased Premises on termination of the Lease, Lessor will return to Lessee the portion of such deposit remaining after all lawful deductions have been made by Lessor, as described more fully in Section 6 of this Lease.

      3. Total Due At Lease Signing: The total due and collected at Lease signing is _____ Dollars ($ 0 ).

   C. Manner of Payments: All payments due under this Lease must be made by personal check, cashier's check, money order, approved electronic cash transfer system or other method of payment approved in writing by Lessor or its agents. Cash will not be accepted. Lessor's refusal to accept payment by means other than those stipulated within this Lease shall not constitute a waiver of any claims or actions Lessor may have against Lessee.

   D. Acceptance of Rent Not Waiver: Lessor's acceptance of rent from other than Lessee will not constitute a waiver of any rights, claims, or actions Lessor may have against Lessee. Any acceptance of rent from other than Lessee will not relieve Lessee of his duties and obligations to Lessor, including, but not limited to, the payment of rent and liability for any damages to the Lessor.

5. **ADDITIONAL RENT AND FEES UNDER THE LEASE**

   A. All Charges Due Under The Lease Are Additional Rent: Lessee shall pay as additional rent any money required to be paid by Lessee under all other provisions of this Lease, all of which shall be payable as "additional rent", whether or not the same be so designated. If such amounts or charges are not paid at the time provided in this Lease, they shall nevertheless, if not paid when due, be collectible as additional rent with the next installment of rent hereafter falling due hereunder, but nothing herein contained shall be deemed to suspend or delay the payment of any amount of money or charge at the time the same becomes due and payable hereunder, or limit any other right or remedy of the Lessor.

   B. Late Payments: If Lessee's rent is not received by the close of the fifth (5th) day of any month, Lessee shall pay as additional rent an amount of **TWENTY FIVE** Dollars ($25.00), as a reasonable pre-estimate of, and as liquidated damages for, the administrative cost and expense of Lessor in handling late payments, and not as a penalty. This provision will be strictly enforced unless Lessee receives written permission by Lessor or Lessor's agent to pay rent at a date later than the fifth (5th) day. Such permission must be obtained prior to the first (1st) day of the month in which the rent is due.

   C. Checks Not Honored by Bank: Lessee will be charged a fee as additional rent of **TWENTY FIVE** Dollars ($25.00), for a check that is not honored for payment by a financial institution, as a reasonable pre-estimate of, and as liquidated damages for, the administrative cost and expense of Lessor in handling bad or dishonored checks, and not as a penalty. If Lessee's personal check is not honored for payment for any reason, then Lessee will be required to make all future payments by cashier's check or money order. This includes payment pursuant to any existing balance as well as all future payments due.

   D. Costs of Enforcing Lease Provisions: In the event court proceedings are instituted or an attorney is hired to represent Lessor in order to enforce any term, condition, provision or agreement of this Lease, Lessee agrees to pay Lessor's reasonable costs, including attorney's fees, in connection with any such Lease enforcement as additional rent. These costs and fees shall accrue whether or not court proceedings are actually initiated or completed.

   E. Maintenance and Repair: Lessee agrees to pay, as additional rent, the cost of repairing all damages to the Leased Premises and the Property where it is located, beyond ordinary wear and tear, that are caused by the conduct of Lessee, Lessee's guests, licensees or occupants of the Leased Premises or their guests. The cost charged to Lessee will be Lessor's cost of the items replaced and/or materials used plus an administrative charge of fifteen percent (15%), and Lessor's cost for labor. If a contractor other than Lessor makes the repairs, Lessee shall pay the full cost thereof.

**29. MORTGAGE ON PROPERTY:**

This Lease and the estate of Lessee shall be subject and subordinate to any present or future deeds of trust, deeds to secure debt, and mortgages on the real estate (or any part of it) upon which the Leased Premises is situated and to all advances upon the security of such deeds of trust and mortgages.

**30. MILITARY ACTIVATION:**

If Lessee is called to active military duty during the term of this Lease, Lessee shall present to Lessor official orders activating Lessee; then and in that event, this Lease shall be controlled by the Soldiers and Sailors Relief Act of 1940, as amended, 50 U.S.C.A. 50591. If Lessee is active military and presents to Lessor a copy of official orders of transfer to another military location, then and in that event, any liability of Lessee for future rents hereunder shall not exceed one (1) month's rent.

**31. ENTIRE AGREEMENT AND PARTIAL INVALIDITY:**

A. The terms and conditions set forth in this Lease and any Attachments hereto specifically referenced herein constitute the entire agreement between the Lessee and Lessor. No modification, waiver or amendment of this Lease shall be binding upon either the Lessor or Lessee unless made in writing and executed by both parties. However, Lessor may amend the Rules and Regulations referred to in Section 8 above, without prior notice to or consent of Lessee and Lessee hereby acknowledges that Lessor shall at all times have and may exercise the authority to regulate reasonably the use of the Property and the Leased Premises.

B. This Lease and its Attachments make up the entire agreement between the Lessee and the Lessor regarding the Leased Premises. If any Court declares a particular provision of this Lease to be invalid or illegal, all other terms and conditions of the Lease will remain in effect and both the Lessor and the Lessee will continue to be bound by them.

**32. LEASE BINDING ON HEIRS:**

All the covenants and the agreement of this Lease shall be binding upon and benefit the heirs, executors, administrators, successors, and assigns of Lessor and Lessee. Lessee agrees, upon request and at any time and from time to time throughout the Lease term, to attorn to Lessor, its successors and assigns, to any mortgagee-in-possession or purchaser of Lessor's estate at any foreclosure sale or pursuant to a deed in lieu thereof, and/or to any other successor to Lessor's interest hereunder, however title is acquired, as being Lessor's successor "Lessor" hereunder for all purposes of this Lease.

**33. DEFINITIONS; HEADINGS:**

A. Definitions: "Lessor" as used in this Lease shall include its representatives, heirs, agents, assigns and successors in title to the Leased Premises. "Lessee" shall include his heirs, executors, administrators, and representatives. The terms "Lessor" and "Lessee" include singular and plural, corporation, partnership or individual, and masculine or feminine genders, as may fit the particular parties. "Lease" as used in this Lease shall refer to this agreement between Lessee and Lessor, which is, in substance, a sublease, in that Lessor's interest in the Leased Premises is that of a ground Lessee pursuant to a certain ground Lease dated November 25, 1996, between Lessor, as Lessee and, the owner of the Property on which the Leased Premises are located (the "Ground Lease"). Notwithstanding the foregoing, nothing in the Ground Lease is inconsistent with the terms of this Lease, and the rights and obligations of Lessor and Lessee with respect to the Leased Premises are fully set forth herein.

B. Headings: All headings used in this Lease and in the accompanying attachments hereto are inserted only for convenience and ease of reference, and are not to be considered in the construction or interpretation of any provision of this Lease.

**34.     NOTICE: The California of Justice, sheriff's departments, police department serving jurisdictions of 200,000 or more**

**and many other local law enforcement authorities maintain for public access a data base of the locations of persons required to register pursuant to paragraphs (1) of the subdivision (a) of section 290. 4 of the Penal Code. The database is updated on a quarterly basis and is a source of neighborhood. The Department of Justice maintains a Sex Offenders Identification Line through which inquires about individuals may be made. This is a "900" telephone service. Callers must have specific information about individuals they are checking. Information regarding neighborhoods is not available through the "900" telephone service.**

**35. ATTACHMENTS:**

| | | |
|---|---|---|
| - Rental Application | _____ | Lessee Initials |
| - Move-in Inspection Form | _____ | Lessee Initials |
| - List of Charges | _____ | Lessee Initials |
| - Income Certification (if applicable) | _____ | Lessee Initials |
| - Grievance Procedures | _____ | Lessee Initials |
| - House Rules | _____ | Lessee Initials |
| - Other, specify | _____ | Lessee Initials |

**36. SIGNATURES:**

IN WITNESS WHEREOF, the parties hereto have set their hands and seals the day and year first above written.

LESSEE(S):

By: _____   Date: 5 - 23 - 06

By: _____   Date: _____

LESSOR:

By: _____   Date: 5/23/2006

7

Exhibit 11



**Eviction Defense Collaborative**

## Rental Assistance Disbursement Component
## RADCo

995 Market Street, 12th Floor
San Francisco, CA 94103
Tel (415) 947-0797 x301 • Fax (415) 947-0331

February 15, 2008

To Whom It May Concern:

I am writing in regards to Sharon Bridgewater who resides at 427 Page Street, San Francisco, CA 94102. Ms. Bridgewater came to our office to apply for rental assistance for the back rent she owed. In order to complete her application we needed to know how much of the amount due was rent, and how much was for legal, late fees, etc. This is because RADCo can only pay rent, and not any other fees. On more than four different occasions I attempted to get the correct amount from her apartment manager, but I was unable to. At one point I was sent a ledger, but then was told it was not the correct amount. As of today I have still not received the amount due and was therefore unable to finalize her application and pay her back rent.

Please contact me if you have any questions.

Thank you,

Sincerely,

*Amy Price*

Amy Price
Rental Assistance Coordinator



Exhibit 12



# MAUI ECONOMICS CONCERNS OF THE COMMUNITY, INC.
## DBA  Na Hale O' Wainee Resource Center
15 Ipu'Aumakua Lane, Lahaina, Hawaii 96761

**Board of Directors**
James L. Worley, Chair
Alec McBarnet, Jr., Vice Chair
Mary Hew, Secretary
Russell Yamane, Treasurer

Hugh Chare
Marc Chesick
Fr. Gary Colton
Warren Suzuki
John Dependahl
Mark Renschen

James DiFalco
Jack Gray
Alvin Tagomori
John Decker
Keoki Freeland
Michael Victorino

*Member, Maui United Way*
Rebecca L. Woods
Executive Director
(808) 242-7600
Fax: (808) 244-0821
Leasing Office
(808) 249-0700
Fax: (808) 249-8828

January 16, 2009

This letter is to confirm that Sharon Bridgewater resided at Na Hale O Wainee Resource Center, Women's Dorm Facility in our emergency program.  Sharon Bridgewater entered our facility on May 9th, 2008 and exited on May 29th, 2008.

Na Hale O Wainee Resource Center
15 Ipu' Aumakua Lane
Lahaina, HI  96761

Should you have any questions, please call me, Terry Applegate (Site Director) at 662-0076, ext 222.

Sincerely,

Terry Applegate, Site Director
Na Hale O Wainee Resource Center



