UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHARON BRIDGEWATER,

    Plaintiff,

    v.

HAYES VALLEY LIMITED PARTNERSHIP, et al.,

    Defendants.

_____/

No. C 09-3551 PJH

**ORDER FINDING CASES NOT RELATED**

Before the court is a motion to determine relatedness of <u>Bridgewater v. Hayes Valley Limited Partnership</u>, C-09-3551 PJH, and <u>Bridgewater v. Hayes Valley Limited Partnership</u>, C-10-0703 SBA. The court has reviewed the complaints and the procedural history of the two cases, and finds that they are not related within the meaning of Civil Local Rule 3-12.

Under Rule 3-12, an action is related to another action when "[t]he actions concern substantially the same parties, property, transaction or event;" and when "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a).

Here, both cases involve the same parties. The plaintiff in both cases is Sharon Bridgewater, proceeding in propria persona. In both cases, she filed requests for leave to proceed in forma pauperis. Defendants in both cases are Hayes Valley Limited Partnership

(also known as Hayes Valley Apartments II L.P.); McCormack Baron Ragan Management Services, Inc.; MBA Urban Development Co.; The Related Companies of California, Inc.; and Sunamerica Affordable Housing Partnership, Inc. Both cases also appear to involve the same "transaction or event" – the state court judicial action resulting in the eviction of Ms. Bridgewater for non-payment of rent. Thus, the first requirement under Rule 3-12(a) is met.

However, the court finds no likelihood of an "unduly burdensome duplication of labor and expense or conflicting results" if the cases are not assigned to the same judge. The earlier-filed case, C-09-3551 PJH, was filed on August 3, 2009, and asserted 22 causes of action – federal claims (including constitutional claims alleging Fifth and Fourteenth Amendment due process violations, and claims under the Rehabilitation Act of 1974, the Americans With Disabilities Act, the Fair Housing Act), along with numerous state law claims. On November 23, 2009, the court dismissed the federal claims pursuant to 28 U.S.C. § 1915(e), and declined to exercise supplemental jurisdiction over the state law claims (but advised plaintiff that she could re-file the state law claims in state court).

The second-filed case, C-10-0703 SBA, was filed on February 18, 2010, and asserts two federal claims – a claim under alleging Fifth and Fourteenth Amendment due process violations, and a claim of conspiracy to violate Fifth and Fourteenth Amendment due process rights – plus eleven state law claims that are similar or largely identical to state law claims asserted in C-09-3551 PJH. It appears that in filing C-10-0704 SBA, plaintiff has attempted to get around the ruling in C-09-3551 PJH that her federal claims were time-barred, by alleging constitutional violations premised on events that occurred within the limitations period.

Nevertheless, because the court did not consider the merits of any of the claims alleged in C-09-3551 PJH, beyond determining under 28 U.S.C. § 1915 that the plaintiff had failed to state a claim as to the federal causes of action (or that the court lacked jurisdiction over certain federal claims), the court finds that there is no likelihood of duplication of labor and expense, and no likelihood of conflicting results if the cases are not

related and assigned to the same judge.

Accordingly, the court finds that the two cases are NOT RELATED.

**IT IS SO ORDERED.**

Dated: March 3, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge