1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SHARON BRIDGEWATER,<br><br>       Plaintiff,<br><br>    vs.<br><br>HAYES VALLEY LIMITED<br>PARTNERSHIP, et al.,<br><br>       Defendants. | Case No:  C 10-0703 SBA<br><br>**ORDER**<br><br>Dkt. 74, 85, 95, 96, 97, 98, 100, 103, 105, 107, 108 |
| SHARON BRIDGEWATER,<br><br>       Plaintiff,<br><br>    vs.<br><br>SHAWN BANKSON, et al.,<br><br>       Defendants. | Case No:  C 10-0704 SBA<br><br>Dkt. 36, 40, 43, 44, 46, 48, 50 |
| SHARON BRIDGEWATER,<br><br>       Plaintiff,<br><br>    vs.<br><br>HAYES VALLEY LIMITED<br>PARTNERSHIP, et al.,<br><br>       Defendants. | Case No:  C 10-5436 SBA<br><br>Dkt. 2, 15, 21, 32, 36, 37, 39, 42, 43, 44, 55, 57, 65, 66, 69, 72, 74, 75, 77 |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I.    **INTRODUCTION**

Pro se Plaintiff Sharon Bridgewater ("Plaintiff") has three related actions currently pending before this Court:  Bridgewater v. Hayes Valley Limited Partnership, Case No. 10-703 SBA ("Case No. 10-703");  Bridgewater v. Bankson, Case No. 10-704 SBA ("Case No. 10-704"); and Bridgewater v. Hayes Valley Limited Partnership, Case No. 10-5436 ("Case No. 10-5436").[1]  On August 24, 2010, Case Nos. 10-703 and 10-704 were dismissed for Plaintiff's failure to pay the filing fee.  (Dkt. 25, 37.)  On January 3, 2011, Plaintiff paid the filing fee in Case No. 10-703.  On April 11, 2011, Plaintiff paid the filing fee in Case No. 10-704.

Presently before the Court are Plaintiff's motions to re-open Case Nos. 10-703 and 10-704, to consolidate Case No. 10-704 with Case No. 10-703, to file a second amended complaint in Case No. 10-703, for an ex parte temporary restraining order and preliminary injunction in Case No. 10-703 and "to quash the complaint" in Case No. 10-5436.  (Case No. 10-703, Dkt. 74, 85, 95, 96, 97, 98, 100, 103, 105, 107, 108; Case No. 10-704, Dkt. 36, 40, 43, 44, 46, 48, 50; Case No. 10-5436, Dkt. 32.)

As an initial matter, the Court addresses Plaintiff's motion "to quash the complaint" in Case No. 10-5436.  (Case No. 10-5436, Dkt. 32.)  Plaintiff filed a motion to "quash the complaint" in Case No. 10-5436 on the ground that the "case was filed in error."  (Id., Dkt. 32 at 3.)  Plaintiff apparently intended her complaint to be filed in Case No. 10-703, but she mistakenly failed to put Case No. 10-703 on the pleading. (Id. )  The Court interprets this motion as a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a), as Plaintiff filed it before any defendant had been served or responded to the initial or amended complaint.  Thus, in light of Plaintiff's notice of voluntary dismissal under Rule 41(a), Case No. 10-5436 is dismissed without prejudice.

With regard to the remaining motions, having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS

---

[1] Unless otherwise stated, citations to the Docket will be in Case No. 10-703.

Plaintiff's motion to re-open Case Nos. 10-703 and 10-704; GRANTS Plaintiff's motions to consolidate, and ORDERS Plaintiff to file a second amended complaint in Case No. 10-703 stating all causes of action against all Defendants; DENIES as moot Plaintiff's motion to file a second amended complaint; and DENIES Plaintiff's ex parte motion for a temporary restraining order and preliminary injunction. The Court, in its discretion, finds this matter suitable for resolution without oral argument. <u>See</u> Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## II.    BACKGROUND

### A.    UNLAWFUL DETAINER ACTION

In April 2006, the owners and managers ("Property Defendants") of Plaintiff's former housing, located at 427 Page Street in San Francisco, California ("Page Street"), filed an unlawful detainer action against Plaintiff in San Francisco County Superior Court. (Case No. 09-3639, Dkt. 39 at 2-4.) The Property Defendants were represented by a law firm and certain of its attorneys ("Legal Defendants"). [2] (<u>Id.</u>) On February 19, 2009, the parties entered into a stipulated judgment. (<u>Id.</u>) In the stipulated judgment, Plaintiff agreed to vacate the premises and Defendants agreed to waive all past rent due, attorney's fees and costs. (<u>Id.</u>) Allegedly as a result of the emotional stress from the suit, Plaintiff moved to Hawaii, and, purportedly, was homeless until she moved back to California and secured housing in June 2009. (<u>Id.</u>)

### B.    CASE NOS. 09-3639 AND 09-5663

On April 8, 2009, Plaintiff filed Case No. 09-3639 in this Court against the Legal Defendants. (<u>Id.</u>) On December 1, 2009, Plaintiff filed Case No. 09-5663 in this Court against the Property Defendants. (<u>Id.</u>) Plaintiff alleged the Page Street unlawful detainer action was conducted in a fraudulent manner, in violation of her rights, and created severe emotional and mental stress. (<u>Id.</u>) Plaintiff asserted various claims against the Defendants, including violations of her Seventh Amendment right to a jury trial and violations of 42

---

[2] Sometimes the Property Defendants and Legal Defendants are referred herein as "Defendants."

U.S.C. § 1983.  (Id. at 4.)  Plaintiff also asserted state law claims for malicious prosecution, conspiracy, wrongful eviction, retaliatory eviction, intentional misrepresentation and concealment of known facts, intentional infliction of emotional distress, conspiracy to inflict intentional emotional distress, negligent infliction of emotional distress, gross negligence and fraud.  (Id.)

On January 19, 2010, the Court issued an order denying Plaintiff's application for in forma pauperis status and dismissing the actions as frivolous under 28 U.S.C. § 1915(e) ("Order of 1/19/10").  (Id.)  The Order of 1/19/10 details the history of Plaintiff's lawsuits pertaining to the unlawful detainer action.  (Id. at 3-4.)  Excluding the instant actions, Plaintiff has filed six previous lawsuits seeking relief based on the Page Street unlawful detainer action.  She filed two cases in San Francisco County Superior Court, asserting personal injury and breach of contract claims.  (Id.)  Both suits were dismissed.  (Id.)  She filed four suits in the Northern District, all of which were dismissed for various reasons, including dismissal for lack of subject matter jurisdiction, for failure to state a claim, and for being time-barred.  (Id.)

As to Case Nos. 09-3639 and 09-5663, this Court found Plaintiff's Seventh Amendment claim lacked merit because this amendment had not been incorporated under the Fourteenth Amendment, and therefore did not apply to the states or state civil proceedings.  (Id. at 6-7.)  Thus, Plaintiff could not rely on the Seventh Amendment as a basis for claiming Defendants deprived her of a jury trial in the unlawful detainer action. (Id.)  As to her section 1983 claims, the Court found that Defendants were not state actors, and therefore her claims against Defendants failed as a matter of law.  (Id.)

### C.   INSTANT ACTIONS

Despite this Court's dismissal in the Order of 1/19/10,[3] on February 18, 2010, Plaintiff  filed the two instant suits, one against the Property Defendants, Case No. 10-703,

---

[3] Because Plaintiff's prior actions have been dismissed under 28 U.S.C. § 1915, there is no res judicata preclusion to the filing of a paid complaint.  Denton v. Hernandez, 504 U.S. 25, 34 (1992).

1    and one against the Legal Defendants, Case No. 10-704.  On April 7, 2011, the Court found

2    these two cases were related, and that the instant actions were related to Case Nos. 09-3639

3    and 09-5663.  (Dkt. 94.)  The instant actions again involve the Page Street unlawful

4    detainer action.  Plaintiff does not assert her claims with brevity or clarity.

5            In Case Nos. 10-703, Plaintiff alleges claims that the Property Defendants violated

6    her Fifth and Fourteenth Amendments due process rights, under 42 U.S.C. § 1983;

7    conspiracy to violate her Fifth and Fourteenth Amendments due process rights, under 42

8    U.S.C. § 1985; and a retaliatory housing discrimination claim in violation of the Fair

9    Housing Act, 42 U.S.C. § 3604 ("FHA").  (Dkt. 11.)  She alleges state law claims for:

10   malicious prosecution; common law forcible detainer; retaliatory eviction; wrongful

11   eviction; intentional infliction of emotional distress; breach of lease; conspiracy to commit

12   forcible detainer; breach of oral promise; and negligent infliction of emotion distress.   (Id.)

13           In Case No. 10-704, in addition to the federal claims alleged against the Property

14   Defendants, Plaintiff asserts other federal claims against the Legal Defendants, including

15   violations of the Americans With Disabilities Act, 42 U.S.C. § 12182 ("ADA"), and the

16   Fair Debt Collection Practice Act, 15 U.S.C. § 1692 ("Fair Debt Act").  (Case No. 10-704,

17   Dkt. 1.)  Plaintiff's state law claims against the Legal Defendants are: fraud; malicious

18   prosecution; conspiracy; forcible detainer; intentional infliction of emotional distress;

19   tortious interference with lease; and tortious interference with quiet enjoyment of premises.

20   (Id.)

21           On June 2, 2010, the Court denied Plaintiff's application for in forma pauperis and

22   ordered her to pay the filing fee within twenty days of the order.  (Dkt. 25.)  On August 24,

23   2010, the Court dismissed Plaintiff's actions without prejudice for her failure to pay the

24   filing fee as ordered.  (Dkt. 37.)  On January 3, 2011 and April 7, 2011, Plaintiff paid the

25   filing fees in the instant actions.  Now before the Court are Plaintiff's motions to re-open

26   her actions, to consolidate Case No. 10-704 with 10-703, for leave to file a second amended

27   complaint and for a temporary restraining order and a preliminary injunction.

28

III.     **MOTION TO RE-OPEN CASE**

A.     **LEGAL STANDARD**

Plaintiff brings her request to re-open Case Nos. 10-703 and 10-704 under Federal Rule of Civil Procedure 60(b).  (Dkt. 74.)   Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances.  Engleson v. Burlington N.R. Co., 972 F.2d 1038, 1044 (9th Cir. 1994).   Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. A motion for reconsideration on any of these grounds must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged.  See Fed.R.Civ.P. 60(c)(1).

When applying these standards to pro se litigants, the Court is mindful that such litigants are entitled to some latitude and leniency with procedural matters.  See, e.g. Haines v. Rowe, 449 U.S. 5, 9 (1980) (discussing less stringent pleading standard applicable to pro se litigants) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986) (affording pro se litigant leniency with regard to compliance with local rules and civil rules of procedure pertaining to discovery matters) (citing Pembrook v. Wilson, 370 F.2d 37, 39-40 (9th Cir. 1966)); Moore v. Agency for Intern. Dev., 994 F.2d 874, 876 (D.C. Cir. 1993) (discussing leniency to be afforded to pro se litigants in procedural matters such as service of process).

B.     **ANALYSIS**

In the instant action, Plaintiff paid the filing fee and brought her motion to reopen the instant cases prior to the one-year deadline under Rule 60(b).  Although not entirely clear, Plaintiff seems to attribute her delay in paying the filing fee to extreme emotional distress, disorganization resulting from a move to Michigan, and an apparent misunderstanding.  Plaintiff was under a misapprehension that she had paid the fee in

1  compliance with the Court's June 22, 2010 order on July 9, 2010, prior to the Court's

2  August 24, 2010 dismissal.  The Court affords Plaintiff latitude with regard to her Rule

3  60(b) motion and GRANTS her motion to re-open Case Nos. 10-703 and 10-704.

4       However, Plaintiff is cautioned that she is required to comply with the rules that all

5  other litigants must obey.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (finding

6  that pro per litigants must follow the same procedural rules as represented parties).  Self-

7  representation is not an excuse for non-compliance with court rules.  See Swimmer v.

8  I.R.S., 811 F.2d 1343, 1344 (9th Cir. 1987) ("[i]gnorance of court rules does not constitute

9  excusable neglect, even if the litigant appears pro se.") (citation omitted).  It is Plaintiff's

10  responsibility to prosecute the claims alleged in her complaints in a manner consistent with

11  the Federal Rules of Civil Procedure, and the Court's Local Rules, Standing Orders and any

12  other order.  She must keep the Court informed of any change of address and/or other

13  contact information, and serve copies of all court filings on all other parties.  Failure to

14  comply with any of these requirements may result in the imposition of sanctions, up to and

15  including the dismissal of this action.  See Fed. R. Civ. P. 41(b); Ferdik v. Bonzelet, 963

16  F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the

17  district court may dismiss an action for failure to comply with any order of the court.")

18  IV.  **MOTION TO CONSOLIDATE**

19       A.  LEGAL STANDARD

20       Federal Rule of Civil Procedure 42(a) allows a court to consolidate "actions

21  involving a common question of law or fact."  This rule grants courts "broad discretion" to

22  determine whether consolidation is appropriate.  Pierce v. Cnty. Of Orange, 526 F.3d 1190,

23  1203 (9th Cir. 2008); Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal., 877

24  F.2d 777, 777.  "In determining whether or not to consolidate cases, the Court should weigh

25  the interest of judicial convenience against the potential for delay, confusion and

26  prejudice."  Zhu v. UCBH Holdings, Inc., 682 F.Supp.2d 1049, 1052 (N.D.Cal. 2010)

27  (quotation omitted); see also Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496 (1933)

28  (consolidation is appropriate "as a matter of convenience and economy in administration");

1  Heune v. United States, 743 F.2d 703, 704 (9th Cir. 1984) (stating district court "weighs the

2  saving of time and effort consolidation would produce against any inconvenience, delay, or

3  expense that it would cause").

**B.   ANALYSIS**

5  Here, the relevant factors weigh in favor of consolidation.  The two related actions

6  involve Plaintiff's complaints regarding the Page Street unlawful detainer proceeding.

7  Plaintiff's factual allegations against the Property Defendants and the Legal Defendants

8  about the Page Street unlawful detainer action are nearly identical.  (Case No. 10-703, Dkt.

9  11; Case No. 10-703, Dkt. 1; Case No. 10-5436, Dkt. 1, 8.)  She asserts many of the same

10 causes of action against them.  (Id.)  Furthermore, she contends that the Property

11 Defendants and the Legal Defendants conspired together to violate her rights.  (Id.)

12 Consolidation of the actions with regard to the Page Street unlawful detainer action will

13 promote judicial efficiency and conserve the parties' resources.  Furthermore, the Court

14 finds no substantial delay or expense would result from consolidating the matters.  As such,

15 the Court GRANTS Plaintiff's motion to consolidate Case No. 10-704 with Case 10-703.

**C.   INSTRUCTIONS TO PLAINTIFF**

**1.   Overview**

18 The Court must provide some guidance to Plaintiff, who is a pro se litigant, as to

19 procedural matters to enable her to understand the consequences of not complying with the

20 rules governing all litigants.  Ferdik, 963 F.2d at 1261; Eldridge v. Block, 832 F.2d 1132,

21 1136 (9th Cir. 1986) (stating that district court should provide pro se litigant with a

22 statement of deficiencies so that the opportunity to amend is a meaningful one); Moore, 994

23 F.2d at 876 ("District courts do not need to provide detailed guidance to pro se litigants[,]

24 but should supply minimal notice of the consequences of not complying with procedural

25 rules.") (citing Eldridge, 832 F.2d at 1136).

**2.   Case No. 10-703:  Second Amended Complaint**

27 Plaintiff must file a second amended complaint in Case No. 10-703 asserting and

28 consolidating all of her claims about the Page Street unlawful detainer action against all of

the Property Defendants and the Legal Defendants in Case Nos. 10-703 and 10-704. Plaintiff is hereby notified that the action against all Defendants will proceed under Case No. 10-703, and she is directed to file matters only in Case No. 10-703.  Plaintiff may not add any new defendants.  Plaintiff may not assert any allegations pertaining to any other unlawful detainer action but the Page Street unlawful detainer action.[4]  Additionally, Plaintiff is cautioned against filing an excessively lengthy second amended complaint. Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to set forth a "short and plain statement of the claim" or claims.  Plaintiff's complaints are neither short nor plain, consisting of seventy-seven pages in Case No. 10-703 and eighty-six pages in Case No. 10-704, as well as containing facts and verbiage that are not pertinent to her claims.  Courts are authorized to dismiss with prejudice tediously long and confusing complaints.  Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1137 (9th Cir. 2008) ("We have for decades upheld dismissal with prejudice of needlessly prolix and confusing complaints, after plaintiff failed to take advantage of an invitation to cure the defects in an amended complaint.")  Plaintiff should be aware that, if the second amended complaint is needlessly prolix and confusing in violation of Rule 8(a)(2), it may be subject to dismissal.

### 3.    Service of Process

Federal Rule of Civil Procedure 4(m) states:

> If service of the summons and complaint is not made on a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

---

[4] In Case No. 10-5436, Plaintiff filed an amended complaint that contained allegations pertaining to an unlawful detainer action involving 111 Preda Street #7, San Leandro, California 94577 ("Preda Street").  (Case No. 10-5436, Dkt. 8.)  Because the Preda Street unlawful detainer action involves different parties, lease agreement and events than the Page Street unlawful detainer action and the two unlawful detainer actions do not involve common questions of law or fact, they are not related under Civil Local Rule 3-12 and Federal Rule of Civil Procedure 20.  Thus, Plaintiff is not to assert allegations pertaining to the Preda Street unlawful detainer action in her second amended complaint in Case No. 10-703.

(Emphasis added).  More than 120 days have passed in Case Nos. 10-703 and 10-704 since Plaintiff filed her complaints.  In light of Plaintiff's pro se status, the Court will provide Plaintiff with additional time to effectuate service.  Plaintiff shall have fourteen (14) days from the time she files a second amended complaint in Case No. 10-703 to effectuate service on the Property Defendants and the Legal Defendants.  If Plaintiff fails to comply with Rule 4(m) and these instructions, the Court will dismiss without prejudice her action.

### 4.   Plaintiff's Motions to File a Second Amended Complaint

Given that this Court's order on Plaintiff's motion to consolidate directs Plaintiff to file a second amended complaint in Case No. 10-703, the Court need not consider Plaintiff's motions for leave to file a second amended complaint in Case Nos. 10-703 and 10-704.  Therefore, the Court DENIES Plaintiff's motions as moot.

## V.   MOTIONS FOR TRO AND PRELIMINARY INJUNCTION

### A.   LEGAL STANDARD

Plaintiff requests a broad injunction whereby she is permitted to attach all of Defendants' assets and property in Case No. 10-703.  (Dkt. 100.)  The standard for a TRO is the same as for a preliminary injunction.  See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001).  To obtain preliminary injunctive relief, the moving party must show:  (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest.  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, ---, 129 S.Ct. 365, 374-76 (2008).  The court may apply a sliding scale test, under which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another."  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).  A restraining order is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter, 129 S.Ct at 376.

A TRO may be issued without notice to the adverse party or its counsel only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1); N.D. Cal. Civ. R. 65-1(b).  There are "very few circumstances justifying the issuance of an ex parte TRO."  Reno Air Racing Assoc. Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). For instance, notice may be excused where it "is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing."  Id.  Or, notice may not be required where providing "notice to the defendant would render fruitless the further prosecution of the action" because the adverse party is likely to destroy evidence.   Id.

**B.    ANALYSIS**

Plaintiff fails to make a showing with regard to any of the necessary elements under Rule 65 to justify the relief she requests.  She also fails to justify dispensing with notice to Defendants.  Plaintiff does not seem to exhibit an awareness of the extraordinary nature of the relief she requests.  In her motion requesting injunctive relief, she claims "entry of a temporary restraining order and preliminary injunction giving Plaintiff[] control over the property and assets [of Defendants,] and/or [having] Defendant[s] post a bond will cause no harm whatsoever to Defendants."  (Dkt. 100 at 5.)  Courts do not grant such expansive relief in the absence of a factually and legally specific showing of entitlement.  As discussed below, Plaintiff has failed to make such a showing.

**1.    Likelihood of Success on the Merits**

Plaintiff's sole statement in her motion for injunctive relief is:  "Plaintiff[ has] asserted claims of already presented sufficient facts to establish the elements of each of the claims[, and therefore,] there is a substantial likelihood of success on the merits of the plaintiff's claim."  (Id.)  The Court is not persuaded.  Plaintiff has filed nine lawsuits complaining about the Page Street unlawful detainer action.  Two were dismissed in state

court, four were dismissed in this Court as frivolous upon review of her in forma pauperis complaints,  and one was dismissed at her request.  While the section 1915 dismissals do not preclude Plaintiff's current filing, the orders show that Plaintiff's allegations inspire little confidence of success on the merits.  See Denton, 504 U.S. at 34 (no res judicata effect for non-section 1915 purposes).  Without any showing by Plaintiff to the contrary, the Court finds that Plaintiff has failed to establish this necessary element for injunctive relief under Rule 65.

### 2.    Irreparable Harm

To prove the element of irreparable harm to her, Plaintiff simply asserts that "a court awarded judgment against Defendant[s] following trial will likely be worthless," without explanation.  (Id.)  This unsupported assertion is insufficient, and therefore Plaintiff fails to satisfy her burden of establishing an irreparable injury entitling her to injunctive relief.

### 3.    Balance of Equities

As discussed above, Plaintiff contends, without proof, that Defendants will suffer no harm if she is given control over their property and assets.  Plaintiff has not met her burden of showing that the balance of equities favors her with such an unverified statement, and therefore, again, has not shown the existence of this element with regard to her request for injunctive relief.

### 4.    Public Interest

She also broadly asserts that "the public interest will favor issuance of an injunction," again without explanation.  (Id.)  With this unproven contention, Plaintiff has not shown that the public interest element weighs in favor of granting her injunctive relief.

### 5.    Conclusion

In light of the fact that she has made no showing of entitlement to the injunctive relief that she requests, the Court DENIES Plaintiff's motion for a temporary restraining order and preliminary injunction.

//

//

**VI.**     **CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1.     In light of Plaintiff's notice of dismissal under Federal Rule of Civil Procedural 41(a) in Case No. 10-5436, the Court DISMISSES WITHOUT PREJUDICE the action.  The Clerk is ordered to close the file and terminate all pending matters and deadlines.

2.     Plaintiff's motion to re-open Case Nos. 10-703 and 10-704 is GRANTED. Plaintiff's motion to consolidate Case No. 10-704 with Case No. 10-703 is GRANTED. The Clerk of the Court is instructed to re-open Case Nos. 10-703 and 10-704, and then to consolidate Case No. 10-704 with Case No. 10-703.   All filings shall be in Case No. 10-703.

3.     Within thirty (30) days of the date of this order, Plaintiff is directed to file in Case No. 10-703 a second amended complaint asserting all claims against all defendants who have been named in Case Nos. 10-703 and 10-704, to the extent that those claims relate to the Page Street unlawful detainer action.  The Court cautions Plaintiff to provide a "short and plain" statement of her claims.  Fed. R. Civ. P. 8(a).  Plaintiff shall allege only those facts and claims which she, in good faith, may assert.  Fed. R. Civ. P. 11.

4.     Under Federal Rule of Civil Procedure 4(m), Plaintiff is directed to effectuate service of process of the second amended complaint in Case No. 10-703 on all Defendants within fourteen (14) days from the date she files her second amended complaint.  Plaintiff shall also serve a copy of this order on all Defendants when effectuating service of process. Upon effectuating service, Plaintiff shall file certificates of service with the Court forthwith.

5.     Plaintiff is cautioned that the failure to follow any of the instructions in this Order may result in sanctions against her, up to and including dismissal with prejudice of Case Nos. 10-703 and 10-704.

6.      Because the Court directs Plaintiff to file a second amended complaint in Case No. 10-703, the Court DENIES Plaintiff's motions for leave to file a second amended complaint in Case Nos. 10-703 and 10-704 as moot.

7.      Plaintiff's ex parte motions for a temporary restraining order and preliminary injunction in Case No. 10-703 is DENIED.

8.      This Order terminates Docket Nos. 74, 85, 95, 96, 97, 98, 100, 103, 105, 107 and 108 in Case No. 10-703.

9.      This Order terminates Docket Nos. 36, 40, 43, 44, 46, 48, and 50 in Case No. 10-704.

IT IS SO ORDERED.

Dated: July 28, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

- 14 -

1  UNITED STATES DISTRICT COURT
   FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

3

4  BRIDGEWATER et al,

                Plaintiff,
5
6    v.

7  HAYES VALLEY LIMITED PARTNERSHIP et
   al,

8              Defendant.
   _____/
9

10                                    Case Number: CV10-00703 SBA

11                                    **CERTIFICATE OF SERVICE**

12
   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
13 Court, Northern District of California.

14 That on July 29, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said
   copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
15 said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
   located in the Clerk's office.

16

17

18 Sharon  Bridgewater
   965 Mission Street
19 Suite 409
   San Francisco,  CA 94104
20
   Dated: July 29, 2011
21                                    Richard W. Wieking, Clerk

22                                    By: LISA R CLARK, Deputy Clerk

23

24

25

26

27

28