UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SHARON BRIDGEWATER,<br><br>      Plaintiff,<br><br>  vs.<br><br>HAYES VALLEY LIMITED PARTNERSHIP, et al.,<br><br>      Defendants. | Case No: C 10-0703 SBA<br><br>**ORDER**<br><br>Docket 117. |

Presently before the Court is pro se Plaintiff Sharon Bridgewater's ("Plaintiff") motion to extend time to serve Defendants, motion to issue summons, motion to make corrections to the complaint, and motion to toll the statute of limitations. Dkt. 117. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion to extend time to serve Defendants, DENIES the motion to issue summons, DENIES the motion to make corrections to the complaint, and DENIES the motion to toll the statute of limitations without prejudice to its renewal at a later time. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.    BACKGROUND**

    **A.    Unlawful Detainer Action**

In April 2006, the owners and managers ("Property Defendants") of Plaintiff's former housing, located at 427 Page Street in San Francisco, California ("Page Street"), filed an unlawful detainer action against Plaintiff in San Francisco County Superior Court. Case No. 09-3639, Dkt. 38. The Property Defendants were represented by a law firm and

certain of its attorneys ("Legal Defendants").[1] Id. On February 19, 2009, the parties entered into a stipulated judgment. Id. In the stipulated judgment, Plaintiff agreed to vacate the premises and Defendants agreed to waive all past rent due, attorney's fees and costs. Id. Allegedly as a result of the emotional stress from the suit, Plaintiff moved to Hawaii, and, purportedly, was homeless until she moved back to California and secured housing in June 2009. Id.

### B. Case Nos. 09-3639 and 09-5663

In 2009, Plaintiff filed two actions in this Court, Case No. 09-3639 against the Legal Defendants and Case No. 09-5663 against the Property Defendants. Case No. 09-3639, Dkt. 38. In these actions, Plaintiff alleged the Property and Legal Defendants engaged in a conspiracy to deny her Seventh Amendment right to a jury trial and brought her claims pursuant to 42 U.S.C. § 1983. Additionally, Plaintiff brought the following claims based upon alleged violations of state laws: malicious prosecution; conspiracy to commit malicious prosecution; aiding and abetting common law malicious prosecution; conspiracy; wrongful eviction; retaliatory eviction; intentional misrepresentation and concealment of known facts; intentional infliction of emotional distress; conspiracy to inflict intentional emotional distress; negligent infliction of emotional distress; negligence (gross); and fraud. Id.

On January 19, 2010, this Court issued an Order denying Plaintiff's application for in forma pauperis status and dismissed the actions as frivolous under 28 U.S.C. § 1915(e). Case No. 09-3639, Dkt. 38. In that Order, the Court detailed the history of Plaintiff's lawsuits pertaining to the unlawful detainer action. Id. Excluding the instant actions, Plaintiff has filed six previous lawsuits seeking relief based on the Page Street unlawful detainer action. Id. She filed two cases in San Francisco County Superior Court, asserting personal injury and breach of contract claims. Id. Both suits were dismissed. Id. She filed four suits in the Northern District, all of which were dismissed for various reasons,

---

[1] Sometimes the Property Defendants and Legal Defendants are referred herein as "Defendants."

including dismissal for lack of subject matter jurisdiction, for failure to state a claim, and for being time-barred. Id.

As to Case Nos. 09-3639 and 09-5663, this Court found Plaintiff's Seventh Amendment claim lacked merit because this amendment had not been incorporated under the Fourteenth Amendment, and therefore did not apply to the states or state civil proceedings. Case No. 09-3639, Dkt. 38. Thus, Plaintiff could not rely on the Seventh Amendment as a basis for claiming Defendants deprived her of a jury trial in the unlawful detainer action. Id. As to her § 1983 claims, the Court found that Defendants were not state actors, and therefore her claims against Defendants failed as a matter of law. Id.

### C. Instant Related Actions

Despite this Court's dismissal in its January 19, 2010 Order,[2] on February 18, 2010, Plaintiff filed two suits, one against the Property Defendants, Case No. 10-703, and one against the Legal Defendants, Case No. 10-704.

On March 4, 2010, Plaintiff amended her complaint in Case No. 10-703. Case No. 10-703, Dkt. 11. The amended complaint alleges various claims against the Property Defendants, including violation of her Fifth and Fourteenth Amendment due process rights under 42 U.S.C. § 1983, conspiracy to violate her Fifth and Fourteenth Amendments due process rights under 42 U.S.C. § 1985, and a retaliatory housing discrimination claim in violation of the Fair Housing Act, 42 U.S.C. § 3604 ("FHA"). Id. The amended complaint also alleges state law claims for malicious prosecution, common law forcible detainer, retaliatory eviction, wrongful eviction, intentional infliction of emotional distress, breach of lease, conspiracy to commit forcible detainer, breach of oral promise, and negligent infliction of emotion distress. Id.

In Case No. 10-704, in addition to the federal claims alleged against the Property Defendants, the complaint asserts other federal claims against the Legal Defendants,

---

[2] Because Plaintiff's prior actions have been dismissed under 28 U.S.C. § 1915, there is no res judicata preclusion to the filing of a paid complaint. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

including violations of the Americans With Disabilities Act, 42 U.S.C. § 12182 ("ADA"), and the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 ("Fair Debt Act"). Case No. 10-704, Dkt. 1. The complaint also asserts various state law claims against Legal Defendants, including fraud, malicious prosecution, conspiracy, forcible detainer, intentional infliction of emotional distress, tortious interference with lease, and tortious interference with quiet enjoyment of premises. Id.

On April 7, 2011, this Court found that Case No. 10-703 and Case No. 10-704 were related, and that the actions were related to Case Nos. 09-3639 and 09-5663. Case No. 10-703, Dkt. 94.[3] The actions again involve the Page Street unlawful detainer action. On June 2, 2010, the Court denied Plaintiff's application for in forma pauperis status and ordered her to pay the filing fee within twenty days of the Order. Dkt. 25. On August 24, 2010, the Court dismissed Plaintiff's actions without prejudice for her failure to pay the filing fee as ordered. Dkt. 37. On January 3, 2011 and April 7, 2011, Plaintiff paid the filing fees in the instant actions.

On July 29, 2011, the Court issued an Order granting Plaintiff's motions to re-open her actions and to consolidate Case No. 10-704 with 10-703. Dkt. 111. In that Order, the Court directed Plaintiff to file a second amended complaint in Case No. 10-703 asserting all claims against all defendants who have been named in Case Nos. 10-703 and 10-704, to the extent that those claims relate to the Page Street unlawful detainer action. Id. The Court also directed Plaintiff to effectuate service of process of the second amended complaint in Case No. 10-703 on all Defendants within fourteen (14) days from the date Plaintiff files her second amended complaint. Id. Upon effectuating service, the Order requires Plaintiff to file certificates of service with the Court. Id. The Order cautioned Plaintiff that the failure to follow any of the instructions in its Order may result in sanctions against her, up to and including dismissal with prejudice of Case Nos. 10-703 and 10-704. Id.

---

[3] All further references to the Docket are to the Docket in the instant action - Case No. 10-703.

On August 29, 2011, Plaintiff filed a second amended complaint, alleging seven claims for relief styled as follows: conspiracy to deprive rights in violation of 42 U.S.C. § 1985(3); intentional misrepresentation and concealment of known facts (fraud); negligent infliction of emotional distress; violation of Plaintiff's civil rights under 42 U.S.C. § 1983; malicious prosecution (wrongful eviction); violation of the ADA; and a retaliatory housing discrimination claim in violation of the FHA. Dkt. 112. On September 12, 2011 Plaintiff filed a motion for extension of time to serve Defendants, a motion to issue summons, a motion to make corrections to the complaint, and a motion to toll the statute of limitations. Dkt. 117.

## II. DISCUSSION

### A. Motion for Extension of Time to Serve Defendants

In this Court's July 29, 2011 Order, the Court noted that more than 120 days had passed since Plaintiff had filed her complaints in Case Nos. 10-703 and 10-704. As such, Plaintiff had not timely served her summons and complaint as required by Federal Rule of Civil Procedure 4(m), which states:

> If service of the summons and complaint is not made on a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, <u>shall dismiss the action</u> without prejudice as to that defendant or direct that service be effected within a specified time; provided that if plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

(Emphasis added). Dkt 111.

However, in light of Plaintiff's pro se status, the Court provided Plaintiff with additional time to effectuate service. Dkt. 111. Plaintiff was given fourteen (14) days from the time she filed her second amended complaint in Case No. 10-703 to effectuate service on the Defendants. Id.

On August 29, 2011, Plaintiff filed a second amended complaint, but failed to effectuate service on any Defendant within fourteen (14) days as required by the Court's

July 29, 2011 Order.  In fact, Plaintiff has yet to effect service on any Defendant.  Accordingly, this action is subject to dismissal.

Plaintiff, for her part, requests an extension of time to serve the Defendants.  Dkt. 117.  In her motion, Plaintiff asserts that she has not purposely missed the deadline, and that she was unable to serve the Defendants because the clerk did not issue the summonses.  Dkt. 117.  In her declaration, Plaintiff attests that she "had all [of the] summons[es] completed on the day [she] filed the [second amended] complaint on Aug. 29, 2011 and the clerk would not issue the summons[es].  Dkt. 116.  Plaintiff, however, does not explain why the clerk would not issue the summonses.

In light of Plaintiff's pro se status, Plaintiff's motion for extension of time to serve Defendants is GRANTED.  The Court will give Plaintiff another opportunity to effectuate service on the Defendants named in the second amended complaint before dismissing this action.  Plaintiff shall have fourteen (14) days from the date of this Order to effectuate service on Defendants.  The Court advises Plaintiff that if she fails to timely serve Defendants, the second amended complaint will be dismissed without further notice.

### B.     Motion to Issue Summons

Plaintiff requests that this Court issue an Order directing the clerk to issue the summonses attached to her motion.  Dkt. 117.  A summons must name the court and parties; be directed to the defendant; state the name and address of the plaintiff's attorney or the pro se plaintiff; state the time within which the defendant must appear and defend; notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint; be signed by the clerk; and bear the court's seal.  Fed.R.Civ.P. 4(a).  Concurrently with or after the filing of the complaint, the plaintiff may present a summons to the clerk for signature and seal.  Fed.R.Civ.P. 4(b).  If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant.  Id.  A summons--or a copy of a summons that is addressed to multiple defendants--must be issued for each defendant to be served.  Id.

The Court notes that it has issued an Order allowing Plaintiff to file a second amended complaint, which she did. As such, the clerk will issue a summons as to Defendant's second amended complaint for each named Defendant upon a proper request by Plaintiff. The Court advises Plaintiff that it is her obligation to properly complete each summons and present it to the clerk for signature and seal. If Plaintiff properly completes a summons, the clerk will issue the summons to Plaintiff for service on the Defendant. The Court advises Plaintiff that it is her obligation to serve each Defendant with a summons and a copy of the complaint. See Fed.R.Civ.P. 4(c)(1). As indicated previously, Plaintiff must effectuate service on Defendants within fourteen (14) days from the date of this Order. Failure to do so will result in dismissal of the second amended complaint without further notice.

### C.     Motion to Make Corrections to the Complaint

The Court construes Plaintiff's "motion to make corrections to the complaint" as a motion for leave to file a third amended complaint. While leave to amend "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a)(2), Plaintiff has failed to demonstrate that leave to amend is appropriate. Plaintiff has not provided the Court with a proposed third amended complaint nor has she specified in her papers the amendments or "corrections" she intends on making to the second amended complaint. In fact, her papers are devoid of any argument on this issue. Accordingly, because there is no basis to grant Plaintiff leave to file a third amended complaint, Plaintiff's motion to make corrections to the complaint is DENIED.

### D.     Motion to Toll Statute of Limitations

In her motion papers, Plaintiff requests that the Court toll the statute of limitations. Plaintiff, however, does not cite any authority or specifically argue why tolling is appropriate. Instead, she describes various circumstances, including "severe mental distress" caused by the Defendants, that could provide a factual basis for tolling the applicable limitations periods. See Stoll v. Runyon, 165 F.3d 1238, 1242 (9th Cir. 1999) ("Equitable tolling applies when the plaintiff is prevented from asserting a claim by

wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time."). However, the Court finds it unnecessary to address the propriety of tolling at this time. Plaintiff has not properly effectuated service on any of the Defendants named in the second amended complaint. As such, any assessment of the tolling issue is premature. Accordingly, Plaintiff's motion to toll the statute of limitations is DENIED without prejudice to its renewal at a later time.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to extend time to serve Defendants is GRANTED. Under Federal Rule of Civil Procedure 4(m), Plaintiff is directed to effectuate service of process of the second amended complaint on all Defendants within fourteen (14) days from the date of this Order. Plaintiff shall also serve a copy of the Court's July 29, 2011 Order on all Defendants when effectuating service of process. Upon effectuating service, Plaintiff shall file certificates of service with the Court forthwith.

2. Plaintiff's motion to issue summons is DENIED.

3. Plaintiff's motion to make corrections to the complaint is DENIED.

4. Plaintiff's motion to toll the statute of limitations is DENIED without prejudice to its renewal at a later time.

5. Plaintiff is cautioned that the failure to follow any of the instructions in this Order may result in sanctions against her, up to and including dismissal with prejudice of this action without further notice.

6. This Order terminates Docket 117.

IT IS SO ORDERED.

Dated: 2/13/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA


BRIDGEWATER et al,

       Plaintiff,

  v.

HAYES VALLEY LIMITED PARTNERSHIP et al,

       Defendant.
                                        /

Case Number: CV10-00703 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 13, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Sharon Bridgewater
965 Mission Street
Suite 409
San Francisco, CA 94104

Dated: February 13, 2012
                                      Richard W. Wieking, Clerk

                                              By: LISA R CLARK, Deputy Clerk